# GILSON *v.* DAYTON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ILLINOIS.

Submitted October 11, 1887. — Decided October 24, 1887.

As it appears on the face of the bonds sued on in this action that they were issued under the special act of February 18, 1857, which was held void in *Post* v. *Supervisors*, 105 U. S. 667, and not under the general law of March 6, 1867, the judgment dismissing the action is affirmed.

THIS was an action to recover on twelve bonds, each for $1000 issued by the town of Dayton. In each bond it was stated that it was "issued in pursuance of an election or special town meeting held in said town on the 17th day of April, 1869, under and by virtue of a certain act of the Legislature of the State of Illinois approved February 18th, 1857," "authorizing municipal subscriptions to the stock of certain railroads," "the said act having special reference to the Ottawa, Oswego and Fox River Valley Railroad," that a majority of the voters had voted in favor of their issue, "previous application in writing of fifty legal voters of said town for such an election" "having been made to the clerk of said town, and the said town clerk having called said election" "in accordance therewith," "and having given due notice of the time and place of holding the same, as required by law and by the act aforesaid."

In his declaration the plaintiff averred the making and issue of the bonds, set out one of the bonds at length, and further averred "that he purchased the above-mentioned bonds and coupons in the usual course of commercial business for an investment, paying therefor a good and valuable consideration long before the same were due and payable, and without any notice of any claimed defect or irregularity in their issue or want of power to issue them, relying upon the faithful action of the town and State officials in their issue and registration, and upon all laws and judicial decisions in existence at the

time they were voted and issued for their validity, and especially upon the act of March 6, 1867, found in volume 1, page 866, Private Laws of Illinois of 1867."

The defendant demurred. Demurrer sustained and the action dismissed. Plaintiff sued out this writ of error.

The act of 1857 referred to in the bond was held by the courts of Illinois, and by this court in *Post* v. *Supervisors*, 105 U. S. 667, to be " of no force or effect by reason of its not appearing by the legislative journals to have been passed as required by the constitution of 1848." The act of 1867 referred to in the declaration was a general enabling act for the county in which Dayton was situated, but it required the application for the meeting to be made by " twenty legal voters and tax payers of the district."

*Mr. George A. Sanders*, for plaintiff in error, contended that although the bonds on their face purported to have been issued under the act of 1857, yet as the act of 1867 was in force and gave plenary power for their issue, and the averment, in the declaration respecting them had been admitted by the demurrer, they should be held to have been issued under the later act; and he cited: *Commissioners of Knox County* v. *Aspinwall*, 21 How. 539; *Gelpcke* v. *Dubuque*, 1 Wall. 175, 203; *Supervisors* v. *Schenck*, 5 Wall. 772, 784; *Lexington* v. *Butler*, 14 Wall. 282; *County of Warren* v. *Marcy*, 97 U. S. 96, 104; *Commissioners* v. *Bolles*, 94 U. S. 104; *Empire* v. *Darlington*, 101 U. S. 87; *Marcy* v. *Oswego*, 92 U. S. 637; *Coloma* v. *Eaves*, 92 U. S. 484; *Ackley School District* v. *Hall*, 113 U. S. 135, 139; *Moran* v. *Miami County*, 2 Black, 722; *Mercer County* v. *Hackett*, 1 Wall. 83; *White* v. *Railroad*, 21 How. 575; *Thomson* v. *Lee County*, 3 Wall. 327, 331; *Marion County* v. *Clark*, 94 U. S. 278; *Cromwell* v. *County of Sac*, 96 U. S. 51; *Anderson County* v. *Beal*, 113 U. S. 227; *Johnson County* v. *January*, 94 U. S. 202; *Burr* v. *Chariton County*, 2 McCrary, 603; *East Lincoln* v. *Davenport*, 94 U. S. 801; *Rock Creek* v. *Strong*, 96 U. S. 271.

*Mr. G. S. Eldredge* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

The judgment in this case is affirmed on the authority of *Crow* v. *Oxford,* 119 U. S. 215. See also *Post* v. *Supervisors,* 105 U. S. 667, 691. It appears on the face of the bonds sued for that the subscription was made under and by virtue of the act of February 18, 1857, and that the vote of the town was taken at a special town meeting called upon the "application in writing of fifty legal voters of said town," which is in accordance with the provisions of that act. The act of March 6, 1867, which the plaintiff now claims is sufficient to support the bonds, requires that the application for the town meeting shall be made by "twenty voters and *tax-payers.*" The record does not show that any of those who signed the application for the meeting at which the vote was taken were tax-payers. It thus appears from the bonds themselves not only that they were issued under the act of 1857, but that they were not issued under that of 1867.

*Affirmed.*