Willie Van MYERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45652.

Court of Criminal Appeals of Texas.

March 14, 1973.

---

Billy J. Moore, of Moore & McCarty, Ennis, for appellant.

Ward P. Casy, County Atty., Waxahachie, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from a conviction for the offense of murder with malice. Punishment was assessed at 150 years' confinement.

■ The first alleged ground of error actually contains four allegations of error; it is multifarious, and we are not specifically referred to the portion of the record where the alleged error occurred. Art. 40.09, § 9, Vernon's Ann.C.C.P. However, we have examined the four so-called errors and find that in three instances the only objection voiced was a general one, insuf-

ficient to preserve error [see Flowers v. State, 482 S.W.2d 268 (Tex.Cr.App.1972)], and in the fourth situation, no objection whatsoever was made. Appellant's first contention is overruled.

Appellant, in his second and third grounds, argues that his arrest was illegal and that, therefore, items seized from his person and his subsequent written confession were tainted since they were products of an illegal arrest and search. Specifically, appellant objects to the introduction of the deceased's wallet, found on appellant when arrested.

■ We conclude that the arresting officers possessed sufficient probable cause to make a warrantless arrest and search of appellant. They had received information from a reliable informant as to the car appellant would be driving and a description of the clothing appellant's companion would be wearing. The description of the automobile was corroborated by an eyewitness to the offense and by an aunt of appellant's. Further, the officers were familiar with the automobile and previously knew appellant. On the same day as the offense, the officers observed an automobile and its occupants which fit the description previously given. Clearly the officers had probable cause to stop the automobile, and the evidence seized from appellant was admissible, being taken incidental to a lawful arrest.

As to the voluntariness of the confession, the State presented testimony to the effect that appellant received the statutory warnings and that he voluntarily and willingly made the statement of confession. The trial judge entered a finding of voluntariness. Appellant did not testify on this matter nor did he offer any evidence to refute the State's position. Instead, the defense objected to the confession solely on the ground that it was the result of an "illegal arrest and detention." Having previously concluded that the arrest and following search were legal, we find appel-

lant's objection to the confession on this ground to be without merit.

 In his fourth ground of error, appellant complains of the failure of the trial court to grant a change of venue, in light of pre-trial publicity concerning this case. Appellant's contention is not briefed or argued, in accordance with Art. 40.09, V. A.C.C.P. However, we have reviewed the record and this is not supported by the evidence. Scott v. State, 471 S.W.2d 379 (Tex.Cr.App.1971); Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App.1967).

 In ground of error number five, appellant alleges that the trial judge erred in overruling "defendant's request to instruct the [prosecutor] attorney not to mention or refer to the punishment of murder with malice and murder without malice prior to the hearing on punishment, if any." Yet, appellant never alleges that the State ever made such a statement; we are not referred to the record wherein the alleged error occurred. Nothing is presented for review.

 Appellant's final ground of error refers to the overruling of appellant's request for an examining trial and a subsequent request to take the written deposition of the State's eyewitness to the offense. The State produced evidence that, prior to the taking of appellant's confession, he was told of his right to an examining trial. Further, the defense attorney's request for an examining trial was made *after* the indictment had been returned. At that point, the request came too late. Harris v. State, 457 S.W.2d 903 (Tex.Cr.App.1970) reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1971).

 As to the refusal of the trial judge to allow the defense to take the deposition of a certain witness, we remind appellant that the trial court has wide discretion in such matters. Aguilar v. State, 468 S.W.2d 75 (Tex.Cr.App.1971); Art. 39.02, V. A.C.C.P.

 The trial judge did furnish appellant's counsel with a transcript of the witness' testimony taken in the juvenile certification hearing of appellant's co-defendant. Further, three days before trial, defense counsel was allowed to talk with the witness. No harm has been shown; appellant has not shown an abuse of discretion on the part of the trial judge. See Beshears v. State, 461 S.W.2d 122 (Tex. Cr.App.1970).

Finding no reversible error, the judgment is affirmed.