**F. R. GENTRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46127.**

Court of Criminal Appeals of Texas.

May 1, 1973.

Rehearing Denied May 23, 1973.

C. Anthony Friloux, Jr. (Court appointed), Houston, for appellant.

Robert O. Smith, Dist. Atty., Roy Q. Minton, Sp. Prosecutor, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of felony theft. His punishment was assessed by the court at a term of ten (10) years.

The sufficiency of the evidence is not challenged. The State's evidence made out a case of theft by fraudulent pretext, as provided in Article 1413, Vernon's Ann.P.C.

The record reflects that for a period of several years prior to 1968 the appellant had been a customer of the Bank of Austin, and that in October, 1968, had outstanding loans with the bank amounting to approximately $79,000.00. On November 11, 1968, he made a written application with the bank to extend his line of credit to $100,000.00, listing proposed collateral which he represented to own and to be of the value of $412,696.50. His dealings were with J. O. Nance, an official of the Bank of Austin. Based upon this application, and upon appellant's prior financial statement to the bank dated January 11, 1968, showing appellant's net worth as $846,500.00, the bank, acting through Nance, made an extension of credit to appellant, and on November 15, 1968, loaned him an additional $21,000.00.

The evidence was amply sufficient to establish that appellant knowingly made false representations to the bank as to his ownership of property included in his financial statement of November 11, 1968, and as to the value of such collateral as he may have owned, with the intent to secure the loan from the bank. The evidence likewise establishes that the bank and its official, Nance, relied upon the truth of appellant's representations, and would not have made the loan but for such false and fraudulent representations.

Although the indictment alleged theft under the provisions of Article 1410, V.A.P.C., the State's case comes within the provisions of Article 1413, V.A.P.C.; i.e., where "the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

It is appellant's contention, in his first ground of error that "the court's refusal to grant appellant's motion to quash the indictment was error." The indictment, appellant argues, was not sufficiently clear and certain for appellant to understand the nature of the cause of action against him because appellant did not know which "of the original bank transactions" constituted theft.

The indictment in this cause was properly drawn, and alleged that the fraudulent taking occurred on or about November 15, 1968. A conviction for theft by false pretext may be had upon a general indictment for theft. Mount v. State, 167 Tex.Cr.R. 7, 317 S.W.2d 212; Cameron v. State, Tex.Cr.App., 401 S.W.2d 809. As the court noted in Mount, supra, 317 S.W.2d at 218:

". . . there was no necessity to allege the misrepresentation in the indictment, and therefore no necessity to set forth the written instrument upon which the State relied to establish such misrepresentation."

Appellant's first ground of error is overruled.

Appellant's grounds of error two, three and six concern the disposition by the trial court of appellant's pretrial motions for discovery, disclosure, inspection and deposition. The assertion that discovery, disclosure and inspection were denied to appellant is not supported by the record. On the contrary, the record reflects that appellant's motion to disclose mitigating and exculpatory evidence was granted by the trial court prior to trial in this cause. See Feehery v. State, Tex.Cr.App., 480 S.W.2d 649.

■ As for denial of appellant's application to take depositions, the record indicates that the application was filed on May 23, 1969. Thereafter the case was continued eight times on motion of appellant. The application was not presented to the court until the date of the trial. At the hearing prior to the trial, counsel for appellant stated to the court that the State's witnesses had not refused to talk to counsel. The court ruled that good cause had not been shown to require depositions. The record does not reflect any injury to appellant by the inability to depose the witnesses requested in his application. Article 39.02, Vernon's Ann.C.C.P. provides for the taking of depositions of witnesses, and the trial court has wide discretion in either granting or denying an application. Under the facts of this case no abuse is shown. Aguilar v. State, Tex.Cr.App., 468 S.W.2d 75; Beshears v. State, Tex.Cr.App., 461 S.W.2d 122.

■ Additionally, appellant contends that the special prosecutor for the State failed to produce records pursuant to a Brady v. Maryland [1] demand. We find nothing in the record to indicate a violation of that duty in the case at bar. As this Court noted in Bell v. State, Tex.Cr.App., 442 S.W.2d 716 at 718:

"We further note that nowhere in the record has appellant shown that matters sought to be discovered were material to appellant's defense or material to the issue of punishment, or that material matters sought to be discovered were in the possession of and withheld by the State . . ."

Since the necessary matters were not preserved for review, extensive dissertation on Brady v. Maryland, supra, is not required. For such discussion, see Means v. State, Tex.Cr.App., 429 S.W.2d 490 and Campos v. State, Tex.Cr.App., 468 S.W.2d 81.

■ Appellant's complaint about the "trial court's policy of not considering or granting any pretrial discovery until the date of the trial itself . . ." is totally unsupported by the record, bill of exception or by-standers bill. Nothing has been preserved for this Court to review. See 5 Tex.Jur.2d Appeal and Error—Criminal Cases § 114, et seq. This ground of error is wholly without merit.

Appellant's second, third and sixth grounds of error are overruled.

Appellant complains in his fourth ground of error of the admission of non-similar extraneous offenses by the court. The appellant did not testify; nevertheless, the offense of which appellant was convicted necessarily involved fraudulent intent, false pretext and wrongful motive of the borrower. The trial court orally at the time he admitted the evidence of appellant's transactions with other banks and individuals and also in his written charge instructed the jury that such evidence was admitted and should be considered by them solely for the purpose of showing, if it does, the intent, motive or system of the appellant at the time of the act alleged in the indictment. See Hill v. State, Tex.Cr. App., 364 S.W.2d 381; McClelland v. State, Tex.Cr.App., 389 S.W.2d 678; Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97; Granato v. State, Tex.Cr.App., 493 S. W.2d 822, (No. 45,965, February 28, 1973).

■ The appellant admits that the bank transactions were properly admitted for the limited purpose of showing intent, but complains of certain other evidence of grain transactions and stock sales. A careful reading of the record reveals that either no objection or only general objection was made to the testimony complained of. The record does not reflect any motion to instruct the jury to disregard any of the testimony, nor was there ever a motion for mistrial on the basis of the present complaint. By failing to raise timely objec-

[1]. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

tion, absent a showing he had no opportunity to object, appellant waived any objection to the admission of the complained of evidence. Brown v. State, Tex.Cr.App., 460 S.W.2d 925; 1 McCormick and Ray, Texas Law of Evidence, p. 20, et seq., Section 22, et seq.

Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant complains of the trial court's refusal to submit requested jury instruction number V to the effect that the jury could not convict unless it believed beyond a reasonable doubt that Nance, the banker, relied on the representations of appellant in granting the loan. There is no merit to his contention. Paragraph 4 of the court's charge provided that the jury could not convict unless it found beyond a reasonable doubt that the money was acquired by the appellant from the banker Nance "as a result and in reliance upon" the misrepresentations of appellant. This instruction adequately covers appellant's defensive theory that Nance did not rely on any misrepresentation by appellant. See Mount, supra. Therefore, appellant's fifth ground of error is overruled.

Appellant's eighth and tenth grounds of error relate to improper comments, questions and argument by the State's prosecutor during the course of the trial.

■ In the eighth ground of error appellant does not point out what improper remark was made nor does he point out on what page of the transcript this error was committed. Although the State points out that the error, if any, was cured by instruction to disregard, the proceedings complained of are not clearly identified pursuant to Article 40.09, Sec. 9, V.A.C.C.P., and are not before this Court for review. See Myers v. State, Tex.Cr.App., 491 S. W.2d 412. Furthermore, we agree with the State that error, if any, in the argument was made harmless by the court's instruction to the jury not to consider same.

Appellant's eighth ground of error is overruled.

By the same token, appellant complains of the prejudicial closing argument by the prosecuting attorney. The record reflects that the portion of the argument that appellant complained of was cured by withdrawal and instruction to the jury to disregard same. Gibson v. State, Tex.Cr. App., 430 S.W.2d 507. Further, we need not review this contention since the entire argument is not preserved in the record.

Appellant's tenth ground of error is overruled.

By his seventh ground of error, appellant complains of the court's failure to grant a mistrial based on an improper comment of the State's prosecutor during the testimony of the witness J. O. Nance.

The circumstances were that the State offered testimony of Mr. Nance of out of court statements by a Mr. Cavett. The appellant objected on the basis of hearsay. In response to that objection, the prosecuting attorney addressed the court and gave the State's theory on the admissibility of evidence concerning the exception to the hearsay rule dealing with statements made by co-conspirators in furtherance of a conspiracy. Appellant objected and moved for a mistrial as a result of the prosecutor's explanation. The court overruled the objection and denied the mistrial.

■ Appellant raises no ground of error based on the admission of the evidence. Apparently he concedes that the evidence was admissible under the State's theory. Hearsay statements of coconspirators made in furtherance of a conspiracy are admissible. Parnell v. State, 170 Tex.Cr.R. 30, 339 S.W.2d 49, cert. denied 364 U.S. 828, 8 S.Ct. 66, 5 L.Ed.2d 55; Smith v. State, Tex.Cr.App., 455 S.W.2d 748.

Appellant's seventh ground of error is overruled.

■ Appellant's final ground of error complains of the "admission of testimony

solicited by the State from its witness concerning a bonding company's determination that appellant was guilty of fraud."

The question propounded by the prosecutor elicited hearsay information from the State witness and should not have been asked. However, the court instructed the jury to disregard the question and answer for any purpose.

In the light of the fact that the testimony was offered only for the limited purpose of showing intent, scheme, system or design, and it was not calculated to inflame the minds of the jury or of such a nature that it would be impossible to withdraw the impression produced on the jury's mind, the instruction by the trial court cured any error. White v. State, Tex.Cr.App., 444 S.W.2d 921; Yates v. State, Tex.Cr.App., 488 S.W.2d 463. Also since many other witnesses testified without objection to transactions showing appellant's intent, scheme or design, the error, if any, is harmless. The ninth ground of error is overruled.

There being no reversible error, the judgment is affirmed.

Opinion approved by the Court.