**Acencion "Al" PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–83–0343–CR.**

Court of Appeals of Texas,
Amarillo.

Aug. 8, 1984.

Rehearing Denied Aug. 29, 1984.

Vince Martinez, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., Hollis M. Browning, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Acencion "Al" Perez brings this appeal of his conviction for rape and the consequent court-assessed punishment of six years confinement in the Department of Corrections. We affirm the judgment of conviction.

Appellant attacks his conviction in three grounds of asserted error. In the first, he says the trial court erred in denying his motion to take the deposition of the complaining witness. In the second, he argues the trial court should have permitted him to question the victim regarding her sexual activities five days prior to the incident in question. In the third, he urges the trial court reversibly erred in permitting the prosecutor to refer to appellant as an "outlaw" which, he says, violated a motion in limine theretofore granted by the trial court.

■ Tex.Code Crim.Proc.Ann. art. 39.-02 (1979) provides that a defendant may take a deposition upon a showing of "good reason" in a hearing before the court and if that court determines such a "good reason" exists. The trial judge has wide discretion to grant or deny applications for depositions under this statute. *Henriksen v. State,* 500 S.W.2d 491 (Tex.Crim.App. 1973); *McCrea v. State,* 494 S.W.2d 821 (Tex.Crim.App.1973); *Beard v. State,* 481 S.W.2d 875 (Tex.Crim.App.1972); *Aguilar v. State,* 468 S.W.2d 75 (Tex.Crim.App. 1971). Before a trial judge's refusal to grant a motion for depositions will constitute an abuse of discretion, the defendant must show that he was injured by the trial court's action. *James v. State,* 546 S.W.2d 306 (Tex.Crim.App.1977); *Beshears v. State,* 461 S.W.2d 122 (Tex.Crim.App.1970).

At the hearing on the application, appellant argued the deposition was necessary to interrogate the complaining witness about her version of the facts so that a decision could be made as to "whether or not I would bring in witnesses to substantiate my client's testimony or discredit her testimony" and "there is possibly one other witness that she has the name to, and that no one else that I've been able to talk to, can identify by name."

■ The trial court qualified his denial of the motion with the requirement that the witness be furnished to appellant for interrogation prior to trial. Apparently, this was done since no showing to the contrary appears in the record. With respect to any witness who became known to appellant as a result of the interview, the court qualified the denial with the admonition to "let's do find out who that possible witness is." He completed his ruling with reference to the witness by concluding:

... and if you've got a problem, then let me know. All of the rules have expectations that are justified. I won't make an advance ruling. *If you'll let me know if*

*you've got a problem in that regard.* (emphasis added)

Appellant argues that if the motion had been granted, he could "have been more effective for the appellant at trial" and could "have inquired about and obtained the identities of other witnesses." The witness was thoroughly cross-examined at trial and appellant does not here assert that he was deprived of the testimony of any specific potential witness discovered through such cross-examination, therefore, the record is devoid of any showing that appellant was actually harmed by the failure to take the deposition. *See McKinney v. State,* 491 S.W.2d 404 (Tex.Crim.App. 1973); *Boyd v. State,* 633 S.W.2d 578 (Tex. App.—Texarkana 1982) aff'd 643 S.W.2d 708; *Yaw v. State,* 632 S.W.2d 768 (Tex. App.—Fort Worth 1982, pet. ref'd). Ground of error one is overruled.

In ground two, appellant argues the court reversibly erred in refusing to permit him to cross-examine the complaining witness about her sexual activities some five days prior to the alleged rape. Appellant contends this testimony should have been admissible on the issue of consent and as evidence that "the victim's condition, *i.e.,* the sperm deposits on and in the victim, could have resulted from the acts of others." However, appellant neither attempted to follow the requirements of Tex.Penal Code Ann. § 22.065 (Vernon Supp.1984) formerly § 21.13, nor did he ask the court for an opportunity to develop the proffered testimony outside the presence of the jury for the purpose of a bill of exception. Absent a compliance with that statute and a showing of what such testimony would have been, or an offer of a statement containing what the excluded evidence would show, nothing is presented for review. *Chambers v. State,* 568 S.W.2d 313, 327 (Tex.Crim.App.1978); *Young v. State,* 547 S.W.2d 23, 25 (Tex.Crim.App.1977). Ground of error two is overruled.

In ground three, appellant argues the trial court reversibly erred in allowing the prosecutor to refer to appellant as an "outlaw" in violation of a motion in limine previously granted by the court. We disagree. Even assuming, arguendo, that the prosecutor's argument violated appellant's motion in limine, that violation in and of itself is not sufficient to preserve error. Violation of the order may cause the trial court to apply the sanctions of contempt or take some other appropriate action, but for error to be preserved, objection thereto must be made at the time the offending action occurred. *Brazzell v. State,* 481 S.W.2d 130, 131–2 (Tex.Crim.App.1972).

The general rule is that any impropriety in the State's argument is waived by a defendant's failure to make a timely and proper objection. *Romo v. State,* 631 S.W.2d 504 (Tex.Crim.App.1982). The record does not reveal any reason why that general rule should not be applied in this case. Ground of error three is overruled.

There being no reversible error, the judgment of conviction is affirmed.