In the Matter of M.B., a
Juvenile, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00532–CV.

Court of Appeals of Texas,
San Antonio.

April 26, 1995.

Ronald A. Ortman, Law Offices of Ronald A. Ortman, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., Margaret M. Fent, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This is a case involving the right of a juvenile defendant to take the deposition of a sexual assault victim. We hold that the defendant has such a right and the court's statement to the contrary was in error. However, as there was no showing as to why state funds should be expended to take the deposition, the erroneous statement is not grounds for reversal. The conviction is affirmed.

### The Underlying Crime

Sarah Sifuentes, who was 16 years old at the time, was sexually assaulted by another juvenile. The assault took place in a small, dark gameroom at a recreation center where she was working. There were several other individuals in the room, including M.B. The lights were turned off and someone grabbed Ms. Sifuentes from behind and dragged her backwards to a table where someone tried to remove her clothes, hit her and sexually attacked her. Because the attack was from behind and it was dark, she never was able to see the face of her attacker. She identified M.B. as the guilty party because he was wearing a cap, and she felt the brim of a cap on her neck. She also said the person that tried to kiss her had fever blisters on his lips that she could feel, and M.B. had fever blisters on his lips. Finally she said she recognized his voice. There was conflicting testimony to all these facts, but the jury found that M.B. was the guilty party and convicted him of committing indecency with a child and assault.

### The Legal Issue

Identity was the critical issue in the case. The defendant, as a part of his pre-trial preparation, wanted to take the deposition of the victim, Ms. Sifuentes. As juvenile proceedings are civil in nature, they are governed by the Texas Rules of Civil Procedure. *See* Tex.Fam.Code Ann. § 51.17 (Vernon 1986). Depositions are a major discovery tool in the ordinary civil case and are freely allowed. *See* Tex.R.Civ.P. 166b, 200. The defendant in this case was not successful in

getting the trial court to appoint a court reporter and approve funds to take the deposition. In eight points of error he complains of this. As all points of error grow from the same source, they will be discussed together.

■ M.B.'s court-appointed attorney made his desire to take the victim's deposition known to the court in an unconventional manner. He filed a motion for the appointment of a certified shorthand reporter to take the complainant's oral deposition, citing the defendant's inability to pay and the dire effects of a conviction on his client. The state immediately objected, saying in effect he had the cart before the horse, and that the proper procedure was for him to file a notice of intent to take the deposition, which the state said it would move to quash. The defendant argued, logically enough, that there was no point in serving a notice of deposition if there was not going to be any money forthcoming to pay for the deposition. This procedural argument, soon entered into by the court, as well as the parties, obscured the real issue to be decided by the court: "was there good cause for taking the deposition." Consequently, neither testimony or argument was ever presented to the court on this critical issue. To further muddy the waters, the state then made a misstatement of the law which was apparently accepted by the court. The state asserted that it would be useless to appoint a court reporter as the law says a defendant is not entitled to take a deposition in a juvenile case, particularly when it is a sexual assault case. The court then stated that: "I am familiar with that law and I believe the law is clear that a sexual assault victim cannot be deposed." The court then denied the motion. Both the state and the court were in error. There is no such law. And, to the degree that the court denied the motion based on this belief, the court was in error. But the error was not reversible error because the defendant failed in his burden to show good cause why state funds should be expended to take the victim's deposition.

## The Law

The case the state relied upon is *T.P.S. v. State,* 590 S.W.2d 946 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). The language most favorable to the state's position is as follows:

> Although section 51.17 of the Code provides that the Texas Rules of Civil Procedure govern proceedings involving delinquent children and children in need of supervision, it is doubtful whether all the discovery procedures available under the Rules are applicable. Although we find no Texas authority on this question, courts in other jurisdictions have held that the trial judge may restrict the scope of discovery more in a juvenile case than in other civil cases.

*Id.* at 954.

The case does not deal with sexual assault or an attempt to take the deposition of a sexual assault victim. Nor does it prohibit the taking of a deposition. It simply opines that the scope of discovery may not be as broad in juvenile cases as in other civil cases. This may be true although it is not necessary for this court to determine that in this case and we do not. There are virtually no restrictions on taking depositions in a civil case. In an adult criminal case, depositions of witnesses are governed by art. 39.02, Texas Code of Criminal Procedure, which requires that appellant file his affidavit stating facts necessary to constitute good cause for taking the desired deposition.

> The trial court, after a hearing on the request, shall in the exercise of sound discretion and considering the evidence adduced at the hearing make its decision granting or denying the request.

*Jasso v. State,* 699 S.W.2d 658, 663 (Tex. App.—San Antonio 1985).

■ The trial judge has wide discretion to grant or deny applications for depositions under this statute. *Perez v. State,* 677 S.W.2d 641, 642 (Tex.App.—Amarillo 1984). "Before a trial judge's refusal to grant a motion for depositions will constitute an abuse of discretion, the defendant must show that he was injured by the trial court's action." *Id.* at 642; *see also James v. State,* 546 S.W.2d 306, 309 (Tex.Cr.App.1977) and *Beshears v. State,* 461 S.W.2d 122 (Tex.Cr. App.1970). There is no doubt that authority exists to allow a deposition in a sexual assault

case, but a review of the cases shows the trial court is seldom overturned for abuse of discretion. A typical example is found in *McKinney v. State*, 505 S.W.2d 536 (Tex. Crim.App.1974). In this statutory rape case, the appellant contended the prosecutrix would not talk to appellant's attorney and a deposition was needed to obtain "more detailed information about the alleged crime." The trial court, which denied the taking of the deposition, was upheld on appeal:

The trial court has wide discretion in either granting or denying a motion for taking a deposition ... and the fact that witnesses of whom depositions are requested are adverse witnesses is not enough standing alone to show an abuse of discretion in denying the motion to take a deposition....

In the instant case there has been no showing that the appellant was injured by the court's ruling.

*Id.* at 540.

In a juvenile case, as opposed to the adult criminal cases cited above, the Family Code, section 51.17, states in part:

Except when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title.

We see no way that the liberal taking of depositions allowed under the Texas Rules of Civil Procedure would be in conflict, in general terms, with any other provision of the Family Code. However, as we are not called upon in this case to resolve any potential conflict within a specific provision of the Family Code, we do not do so.

■ The "good cause" requirement of art. 39.02, Texas Code of Criminal Procedure, is not applicable under the Texas Rules of Civil Procedure. However, where the court is being asked to approve funds to take a deposition at the indigent juvenile's request, it makes sense that the trial court is entitled to have proof that there is a good reason for the taking of the deposition at the expense of the public. This is referred to by courts and attorneys as "good cause" as a descriptive term, but it is not the "good cause" required by Art. 39.02. The commonality of the phrase "good cause" is a source of confusion. In any indigent case where the court is being asked to approve the appointment of anyone at the defendant's request, the court must decide the merits of the request. This is true whether the indigent defendant wants an investigator, a psychologist, independent testing, or anything else. The defendant, by asking the court's assistance, is by necessity, going to have to show the court a reason, i.e., "good cause." Practically speaking, this "good cause" is going to be similar to that required by art. 39.02. But it stems from a different source. This "good cause" has to do with the court's discretion in spending public moneys and the court's discretion will be reviewed on an abuse of discretion standard.

■ Turning to the case before this court, we do not find the trial court abused its discretion, even though it was under a misimpression of the law. This is true because there was a failure on the part of the defendant to plead and prove good cause why the deposition should be taken. An examination of the hearing in question shows the entire argument was whether the procedure used by the defendant in asking that a court reporter be appointed and funds allocated was proper before hearing a motion for good cause as to why the deposition should be taken in the first place. While we think the better procedure is to have the motion for good cause to take the deposition before taking up the request for a court reporter to be appointed, we do not necessarily think the procedural question was fatal to the defendant's request. The real shortcoming was that no information was presented to the trial judge as to why the deposition was necessary. As this is the sole burden of the defendant, and no evidence or even argument was presented to the court on the critical question of good cause, there cannot be reversible error in the denial of the court to appoint a court reporter.

■ The defendant, in several constitutional and procedural points, argues that the failure to depose Ms. Sifuentes resulted in an unfair trial by ambush and prevented the defense counsel from being effective in his cross-examination of Ms. Sifuentes. A reading of the record though shows defense coun-

sel did a very thorough job of bringing out the weaker points of Ms. Sifuentes's identification of her attacker. He obtained admissions that she never saw her attacker, that the room was dark, that there were several other boys present who could have been the attacker, and that one small boy that was present said that the defendant was not the guilty party. Further he countered Ms. Sifuentes' testimony that she knew it was the defendant because she felt his fever blisters by eliciting favorable testimony from the center's supervisor, Roy Johnson, who said he got a close look at the defendant immediately after the incident and he didn't see any fever blisters.

In short we think the court-appointed attorney did a good job of defending his client. It is not clear in the record or the briefs what other questions he could have asked the complainant had he had the chance to take the deposition, or how he was surprised by any testimony. We see no injury to the defendant, and none has been shown.

We affirm the judgment.