In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00108-CR

                                                ______________________________

 

 

                                    DAVID HEATH FOUSE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0820356

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            David
Heath Fouse has filed an appeal from six convictions.  Three are for the first- degree felony of
aggravated sexual assault on a child (under fourteen—B.P.), and three are for
the second-degree felony of sexual assault on a child (under seventeen—R.R. and
C.J.).  A single brief has been filed to
address all six appeals.  Fouse testified
at trial.  He admitted that he was
convicted in 1999 of the felony offense of assault on a peace officer and the
state-jail felony offense of burglary of a building, and admitted having sexual
intercourse with B.P. and C.J.

            This
appeal is from his conviction for aggravated sexual assault on a child under fourteen,
on B.P.  Fouse’s appellate brief raises
no issue, and makes no argument, concerning this conviction.  When a point of error is inadequately
briefed, we will not address it.  Vuong
v. State, 830 S.W.2d 929
(Tex. Crim. App. 1992).  This situation
goes one step beyond simple inadequate briefing.  Points are not merely inadequately briefed,
they are not raised at all.  This Court
is not the appellant’s advocate. 
Although we have an interest in a just adjudication, we also have an
interest in remaining impartial.  Ex
parte Lowery, 840 S.W.2d
550, 552 n.1 (Tex. App.—Dallas 1992), rev’d
on other grounds, 867 S.W.2d 41 (Tex.
1993).  Thus, we will not brief a
defendant’s case for him or her. 
Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); see
Busby v. State, 253
S.W.3d 661, 673 (Tex. Crim. App. 2008);
Lawton v. State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), overruled
on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998).

            Further,
the Texas Court of Criminal Appeals has explicitly held that an appellate court
cannot reverse a case on a theory not presented to the trial court or raised on
appeal.  Gerron v. State, 97 S.W.3d 597 (Tex. Crim. App.
2003); Hailey v. State, 87 S.W.3d 118 (Tex. Crim. App. 2002).  With no arguments or theories to support a
request for reversal being made in connection with this conviction on appeal,
there is nothing before this Court that we may review. 

            We
affirm the judgment.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          April
28, 2010

Date Decided:             April
29, 2010

 

Do Not Publish

 






VI.      Conclusion
          We affirm the judgment of the trial court. 
                                                                
 
                                                                           Donald R. Ross
                                                                          Justice




CONCURRING OPINION

          A trial court abuses its discretion in denying a defense motion to depose a witness
in a criminal case if a good reason is shown for taking the deposition and the failure to
allow it causes harm to the defendant. Morrow has not shown this. He pled guilty, and the
trial concerned punishment only. He did not allege or demonstrate any surprise. A
statement of the witness was used by the defense in cross-examining the witness. Clearly,
the trial court did not abuse its discretion in denying the motion to depose the witness. I
agree with the conclusion in the majority opinion. These comments address the discretion
of a trial court in determining whether to order depositions in a criminal case.
          It is my view that the cases cited by the majority do not clearly suggest that the
refusal of a witness to discuss facts surrounding the charge with the defense constitutes
good cause to order a witness' deposition without other circumstances. In James, the court
held that good cause did not exist even though there was no examining trial, police officers
refused to talk to the appellant's investigator, and other circumstances. James v. State,
563 S.W.2d 599, 602 (Tex. Crim. App. [Panel Op.] 1978). The court did note that there
was no showing that three other witnesses refused to talk with the appellant. Id. In
Martinez, the court found that, because no facts were stated showing a good reason for
the deposition, no affidavit was attached to the motion, and there was no showing that the
witness refused to discuss the case with the appellant, there was no abuse of discretion
in denying the motion for deposition. Martinez v. State, 507 S.W.2d 223, 226 (Tex. Crim.
App. 1974). In Gentry, the court observed the case had been continued eight times since
the filing of the motion for deposition and held the trial court did not abuse its discretion in
denying the motion presented on the day of trial, which motion did not allege that the
State's witnesses refused to discuss the case with the appellant's counsel. Gentry v. State,
494 S.W.2d 169, 172 (Tex. Crim. App. 1973). At most, the cases cited by the majority
indicate that refusal of a witness to discuss the case with the defense is an important factor
in determining whether a good reason exists to depose the witness.
          Although the refusal of a witness to discuss the case with the appellant is an
important factor, such refusal is not the only factor which should be considered. A trial
court has broad discretion in granting or denying a motion to take a deposition. Janecka
v. State, 937 S.W.2d 456, 469 (Tex. Crim. App. 1996); see M.B. v. State, 901 S.W.2d 620,
623 (Tex. App.—San Antonio 1995, no pet.). A mere allegation that refusal of a witness
to discuss the case is anticipated is not sufficient. Cooks v. State, 844 S.W.2d 697, 729
(Tex. Crim. App. 1992). In May v. State, the Texas Court of Criminal Appeals held that the
trial court did not abuse its discretion when the statements of witnesses were produced,
the appellant conducted an extensive voir dire examination, and the witnesses were
cross-examined. 738 S.W.2d 261, 273 (Tex. Crim. App. 1987). As stated in the majority
opinion, the defendant must establish that the witness possessed information critical to any
significant factor at trial, or that the witness had any information exclusively within his or
her knowledge. Janecka, 937 S.W.2d at 469–70. There are many factors which a court
should consider when deciding whether to grant a motion to take a deposition of a witness. 
The Texas Court of Criminal Appeals has held that no abuse of discretion occurs if the
witness was thoroughly cross-examined and the defendant failed to show that the denial
resulted in harm even though a witness had declined to discuss the alleged assault with
defense counsel. McKinney v. State, 491 S.W.2d 404, 406–07 (Tex. Crim. App. 1973).
          The statement in the majority opinion that Morrow established good reason to take
the deposition because the witness would not talk with defendant's counsel (or investigator)
could result in unintended consequences. 
          What is the trial court to do when faced with evidence that a witness will not talk to
the defense? One could read the majority opinion to require the trial court to order the
deposition on evidence only that the witness refused to talk to the defense. The reasoning
is that, since the trial court must make this decision before trial, it could not determine in
advance whether the refusal to order the deposition would result in harm to the defendant. 
To avoid the possibility that it might be harmful, the trial court would be required to order
the deposition in each instance when the witness fails to talk to the defense. This would
be an improper conclusion. Trial courts must be granted the discretion to exercise a
reasoned judgment. If the trial court concludes that the deposition is necessary to obtain
critical evidence for the defendant to be able to confront the accusations and that failure
to allow it will harm the accused, the trial court has the discretion to and should order a
deposition. However, if the trial court finds that the defendant's rights will be properly
protected by the production of witness statements, pretrial hearings, cross-examination,
production of records, or other discovery procedures or measures, the trial court has the
discretion to deny the motion.
          I concur in the decision to affirm the trial court's judgment. 
 
                                                                           Jack Carter
                                                                           Justice


Date Submitted:      May 11, 2004
Date Decided:         June 30, 2004

Publish