**Dennis KENNEDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–299–CR.**

Court of Appeals of Texas, Corpus Christi.

May 14, 1987.
Rehearing Denied June 25, 1987.

Carl Lewis, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before UTTER, KENNEDY, and DORSEY, JJ.

### OPINION

UTTER, Justice.

Appellant was tried before a jury and convicted of aggravated assault. His punishment, enhanced by a prior felony conviction, was assessed at twenty years' confinement in the Texas Department of Corrections.

Appellant was indicted for the attempted capital murder of a police officer. The jury was charged with the law of attempted capital murder and with the law of aggravated assault upon a peace officer. The jury found appellant guilty of aggravated assault upon a peace officer, impliedly acquitting him of attempted capital murder. The trial court granted appellant's motion for a new trial on the grounds that the jury was charged pursuant to Tex.Penal Code Ann. § 22.02(a)(2) (Vernon Supp.1987), which did not become effective until after appellant allegedly committed the offense.

Appellant was retried under the same indictment. At this second trial, the indictment charging appellant with attempted capital murder was read to the jury. Immediately after the indictment was read, the trial court stated, "This man is being charged and tried for aggravated assault."

By his first point of error, appellant contends that the trial court erred in overruling his motion to dismiss the indictment. Appellant's motion was urged prior to the commencement of the second trial and was based upon a plea of double jeopardy.

As stated earlier, appellant was originally indicted for the attempted capital murder of a police officer. The first trial ended in an implied acquittal of attempted capital murder. After appellant's motion for a new trial was granted, he was retried under the *same* indictment charging him with attempted capital murder.

Appellant could not again be tried for the offense of attempted capital murder, having once been impliedly acquitted of that offense. *Parker v. State*, 626 S.W.2d 738 (Tex.Crim.App.1981); *Welcome v. State*, 438 S.W.2d 99 (Tex.Crim.App. 1969).

The State contends that appellant was not retried for attempted capital murder. The State argues that since the jury was only charged with the law of aggravated assault, it was unnecessary to reindict appellant.

The indictment on its face violates appellant's right against double jeopardy. It alleges the very offense of which appellant was previously acquitted.

The Fifth Amendment Double Jeopardy Clause was specifically intended to protect against a second prosecution for the same offense after acquittal. *January v. State*, 695 S.W.2d 215, 220 (Tex.App.—Corpus Christi 1985), *aff'd*, 732 S.W.2d 632 (Tex. Crim.App.1987). The trial court erred in (not yet reported). The trial court erred in overruling appellant's motion to dismiss the indictment based upon a claim of double jeopardy. Appellant should not have been retried on an indictment charging him

with any offense greater than aggravated assault. *See Pope v. State,* 509 S.W.2d 593 (Tex.Crim.App.1974); *Andrews v. State,* 436 S.W.2d 546 (Tex.Crim.App.1968); *Stell v. State,* 662 S.W.2d 96 (Tex.App.—Houston [1st Dist.] 1983, pet. granted). Appellant's first point of error is sustained.

Appellant also argues, by his second point, that the indictment failed to apprise him of the charges against him. The State asserts that "[t]here was never any question and there should be no question now that the retrial was for the offense of Aggravated Assault, not Attempted Capital Murder."

The accused "must be furnished information upon which he may prepare his defense, and this information must come from the face of the indictment." *Moore v. State,* 532 S.W.2d 333, 335 (Tex.Crim.App. 1976). The indictment must be sufficient to enable the accused to know what he will be called upon to defend. *Id.; see also Castillo v. State,* 689 S.W.2d 443, 449 (Tex. Crim.App.1984).

 Essentially, the State argues that appellant "knew" that he was to be tried for aggravated assault, even though the indictment charged him with attempted capital murder. However, such an argument affords no protection against a violation of Constitutional rights. "It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language." *Moore v. State,* 532 S.W.2d at 335. The indictment did not afford appellant such information.

The State also contends that appellant was given notice of the charges against him because lesser included offenses need not be pled in an indictment. *Goodwin v. State,* 694 S.W.2d 19 (Tex.App.—Corpus Christi 1985, pet. ref'd). Therefore, the State argues, by charging appellant with attempted capital murder in the indictment, he was on notice of any lesser included offenses which he may have to defend against.

It is true that aggravated assault is a lesser included offense of attempted capital murder. *See Teal v. State,* 543 S.W.2d 371 (Tex.Crim.App.1976); *Morano v. State,* 662 S.W.2d 748 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd.). However, the State's contention begs the question of the legality of retrying appellant on the attempted capital murder ·indictment.

Appellant's second point of error is also sustained. Having addressed the controlling issues, we decline to consider appellant's third point.

The judgment of the trial court is REVERSED and the indictment is ordered DISMISSED.