**Charlie Aviord GOODEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–90–103–CR.**

Court of Appeals of Texas, Eastland.

April 9, 1992.

Kenneth P. Mingledorff, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

## OPINION

ARNOT, Justice.

The trial court found appellant guilty of misdemeanor assault and assessed punishment at confinement for one year. We reform the trial court's judgment and affirm as modified.

Appellant had a disagreement concerning a beer and cigarettes with Jimmy Ray Kelly in a bar. Appellant went home to get his gun. Appellant's brother, Thomas Andrew Gooden, also got a gun and went to

the bar, arriving just behind appellant. Upon returning to the bar, appellant told Kelly that appellant was "tired of messing with him," and a scuffle occurred. Appellant's gun discharged, and, ultimately, Thomas Andrew Gooden fired fatal shots into Kelly and Robert Bailey.

Appellant was initially indicted for murder, but he was found guilty by a jury of the lesser included offense of aggravated assault. Following a reversal of appellant's conviction, appellant was reindicted for involuntary manslaughter. The second trial was tried before the court on stipulated facts, which was all of the evidence in the statement of facts of the first trial. The trial court found appellant guilty of the lesser included offense of misdemeanor assault.

In the first point of error, appellant urges that the judgment should be reformed to correct the portion of the judgment incorrectly reciting that the trial court found appellant guilty of a felony offense. It is undisputed and the record clearly reflects that the trial court found appellant guilty of misdemeanor assault. Pursuant to TEX.R.APP.P. 80(b)(2), this Court has authority to correct and reform the judgment. Accordingly, the following portion of the trial court's judgment is deleted:

> However, in accordance with Section 12.44(a) Penal Code of Texas the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. Defendant is adjudged to be guilty of a Third Degree Felony and assess the punishment as indicated above.

In addition, references in the judgment to a "felony" offense are modified to recite a "misdemeanor" offense.

■ In his eighth point of error, appellant contends that the evidence is insufficient to support a conviction for misdemeanor assault. We consider this point next because, if sustained, it would be dispositive.

To support the conviction for assault, the evidence must show that appellant intentionally, knowingly, or recklessly caused bodily injury to Bailey by shooting him with a firearm as alleged in the indictment. See TEX.PENAL CODE ANN. § 22.01(a) (Vernon 1989). "Bodily injury" means physical pain, illness, or any impairment of physical condition. TEX.PENAL CODE ANN. § 1.07(a)(7) (Vernon 1974). Death is an impairment of physical condition.

The indictment did not premise conviction on use of appellant's firearm; it only required a finding of causing bodily injury "by shooting ... with a firearm." Under the law of parties, the evidence is sufficient for a rational fact finder, the trial court, to find that appellant was responsible under TEX.PENAL CODE ANN. § 7.02 (Vernon 1974) for Thomas Andrew Gooden's use of a firearm. Although appellant testified that Thomas Andrew Gooden did not know appellant was returning to the bar and that appellant did not know what Thomas Andrew Gooden was going to do, the fact finder was not required to believe appellant's testimony. The eighth point of error is overruled.

■ In the second through seventh points of error, appellant contends that the assault conviction violates his federal and state constitutional rights and his statutory rights against double jeopardy for the same offense. There is no dispute that the jury in the first trial impliedly acquitted appellant of the offense of involuntary manslaughter. After the first trial conviction was reversed, appellant was reindicted for involuntary manslaughter relating to the same incident.

The second point of error invokes the federal constitutional protection in the fifth amendment against double jeopardy. In interpreting double jeopardy protections of the Federal Constitution, convictions for lesser included offenses are not necessarily tainted whenever a defendant is tried on a jeopardy-barred charge and is convicted of a lesser included offense. It is defendant's burden to show a reasonable probability that he would not have been convicted of the nonjeopardy-barred offense in the absence of the jeopardy-barred offense. *Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986). A reasonable

probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The stipulated evidence shows that appellant and his brother each carried a gun to the bar and that two men were killed. The trial court found appellant guilty only of the offense of misdemeanor assault. Appellant has failed to show that, but for the jeopardy-barred charge for the offense of involuntary manslaughter, the result of the proceeding probably would have been different. The second point of error is overruled.

The third through seventh points of error are based on TEX. CONST. art. I, § 14 and TEX.CODE CRIM.PRO.ANN. arts. 1.10, 1.11, 28.13, and 38.14 (Vernon 1977, 1979, & 1989). The record indicates that appellant did not raise a double jeopardy objection to the indictment prior to the commencement of the second trial. Appellant urges that the use of the prohibited indictment was not rendered harmless by a conviction for the non-prohibited offense, relying on *Kennedy v. State*, 732 S.W.2d 708 (Tex.App.—Corpus Christi 1987, no pet'n). In *Kennedy*, the defendant was retried under the same indictment, which was read to the jury in the second trial and charged him with an offense of which he had been impliedly acquitted by a prior jury. Unlike appellant in this case, the defendant in *Kennedy* urged a motion to dismiss the indictment based upon a plea of double jeopardy prior to the commencement of the second trial. Also unlike *Kennedy*, appellant's second trial was to the court.

Appellant could have filed a motion to dismiss the indictment based upon a double jeopardy complaint prior to commencement of trial. Such a motion would have had merit and, if timely and properly raised, would have either required the State to amend its indictment or entitled appellant to a court ruling dismissing the indictment from which the State could reindict on a non-barred offense. However, we hold that double jeopardy does not apply where a defendant, indicted for a jeopardy-barred offense, is convicted in a trial before the court of a lesser included offense which is not barred by double jeopardy. Points of Error Nos. 3, 4, 5, 6, and 7 are overruled.

The judgment of the trial court is modified as shown above, and is affirmed as modified.