Ex parte Douglas Allen **LOWERY.**

No. 05–92–00370–CR.

Court of Appeals of Texas,
Dallas.

July 31, 1992.

Supplemental Opinion on Petition
for Discretionary Review, Sept. 4, 1992.

Discretionary Review Granted
Oct. 14, 1992.

Allen Fishburn, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before LAGARDE, MALONEY and CHAPMAN, JJ.

## OPINION ON REHEARING

LAGARDE, Justice.

Douglas Allen Lowery appeals the trial court's order denying his pretrial application for writ of habeas corpus. Appellant contends that double jeopardy bars the State's prosecution for aggravated robbery. We agree, reverse the trial court's order denying appellant's application, and remand this case to the trial court with instructions to dismiss the aggravated robbery indictment.

### FACTUAL AND PROCEDURAL BACKGROUND

In the early hours of August 14, 1990, appellant and an accomplice clubbed Lester Heiny, Jr. to death with a baseball bat and stole Heiny's wallet, which contained $50. The State initially tried appellant for murder. The jury convicted appellant for criminally negligent homicide. Appellant was indicted for aggravated robbery based upon the same criminal episode. Appellant first filed a special plea of double jeopardy. At the September 24, 1991 hearing on appellant's special plea, the trial court heard evidence, reviewed the two indictments, and denied appellant's special plea. Thereafter, appellant filed a pretrial application for writ of habeas corpus based upon double jeopardy. At the December 18, 1991 hearing on appellant's application, the trial court admitted all the evidence presented in appellant's special plea hearing. The trial court denied appellant's application.

On April 21, 1992, this Court affirmed the trial court's order denying appellant's application on the basis of an incomplete record. Missing from the appellate record were the murder indictment, the aggravated robbery indictment, the statement of facts of the September 24, 1991 hearing on appellant's special plea, and the statement of facts of the December 18, 1991 hearing

on appellant's application. After obtaining an extension of time to file his motion for rehearing, on May 18, 1992, appellant filed a motion for rehearing. That motion contained a motion for leave to file a supplemental statement of facts of the December 18, 1991 hearing on appellant's application for writ of habeas corpus and a motion for leave to transfer the statement of facts of the September 24, 1991 hearing on appellant's special plea, which contained the two indictments as exhibits, from a companion case, *Lowery v. State*, No. 05–91–01260–CR, to this appeal.[1] The companion case was an attempted appeal of the trial court's order denying appellant's special plea and contained the statement of facts of the September 24, 1991 hearing.[2] On May 27, 1992, this Court granted appellant's motion for leave to file a supplemental statement of facts of the December 18, 1991 hearing and his motion for leave to transfer the statement of facts from the companion case. Based upon a complete record, we grant appellant's motion for rehearing.

### ANALYSIS

The murder indictment alleged that appellant:

did unlawfully, knowingly and intentionally cause the death of LESTER HEINY, JR., an individual, ..., by striking [Heiny] with a deadly weapon, to wit: a bat,

And ... further ... that [appellant] did unlawfully, intend to cause serious bodily injury and commit an act clearly dangerous to human life that caused the death of LESTER HEINY, JR., an individual, ... in that [appellant] struck [Heiny's] head with a deadly weapon, to wit: a bat.

TEX.PENAL CODE ANN. § 19.02(a)(2) (Vernon 1989).

---

1. In his motion, counsel for appellant suggests that the fault of the incomplete record may lie with this Court, because this Court did not notify counsel of the problem. The burden of insuring that a sufficient record is before this Court lies with appellant, not this Court. TEX. R.APP.P. 50(d). Counsel, not the Court, represents appellant. Although the Court has an in-

terest in a just adjudication, it also has an interest in remaining impartial.

2. The denial of a special plea is an interlocutory order and, therefore, not appealable. *Apolinar v. State*, 820 S.W.2d 792, 793–94 (Tex.Crim.App. 1991).

The aggravated robbery indictment alleged that appellant:

> while in the course of committing theft of property and with intent to obtain and maintain control of said property of LESTER HEINY, JR., ... the property being a wallet and current money of the United States of America, without the effective consent of [Heiny] and with intent to deprive [Heiny] of said property, did then and there knowingly and intentionally cause bodily injury to [Heiny] by striking [Heiny] with a bat, and [appellant] did then and there use and exhibit a deadly weapon, to-wit: a bat.

TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon Supp.1992).

■ The United States and Texas Constitutions provide that no person shall be twice placed in jeopardy for the same offense. U.S. CONST. amends. V & XIV; TEX. CONST. art. I, § 14; *see also* TEX.CODE CRIM. PROC.ANN. art. 1.10 (Vernon 1977). The double jeopardy provisions protect against multiple punishments for the same offense and multiple prosecutions for the same offense after either an acquittal or a conviction. *Grady v. Corbin,* 495 U.S. 508, 516, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990); *Ex parte Kopecky,* 821 S.W.2d 957, 958 (Tex.Crim.App.1992); *State v. Marshall,* 814 S.W.2d 789, 791 (Tex.App.—Dallas 1991, pet. ref'd).

### Multiple Punishments for the Same Offense
#### *Blockburger Test*

■ The first inquiry is to determine whether the State is attempting to punish an accused twice for the same offense. To do this, courts must determine whether one or two offenses are at issue. *Grady,* 495 U.S. at 516, 110 S.Ct. at 2090; *Ex parte Ramos,* 806 S.W.2d 845, 847 (Tex.Crim. App.1991); *Marshall,* 814 S.W.2d at 791. To make this determination, courts must examine the statutes that define each offense to see whether each statute requires proof of an additional fact or element that the other does not; courts refer to this as the *Blockburger* test. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct.

180, 182, 76 L.Ed. 306 (1932); *see Grady,* 495 U.S. at 516, 110 S.Ct. at 2090; *Ex parte Ramos,* 806 S.W.2d at 847; *Marshall,* 814 S.W.2d at 791. The *Blockburger* test is primarily a rule of statutory construction used in determining whether the legislature intended multiple punishments. *Grady,* 495 U.S. at 517, 110 S.Ct. at 2091; *Ex parte Kopecky,* 821 S.W.2d at 959; *Marshall,* 814 S.W.2d at 791.

■ Although appellant was convicted of the lesser-included offense of criminally negligent homicide, he was indicted and tried for murder. A defendant convicted of a lesser-included offense is effectively acquitted of the greater offense. *Kennedy v. State,* 732 S.W.2d 708, 709 (Tex.App.—Corpus Christi 1987, no pet.); *Rivera v. State,* 716 S.W.2d 68, 69 (Tex.App.—Dallas 1986, pet. ref'd). Accordingly, for purposes of double jeopardy, this Court will compare the elements of murder with the elements of aggravated robbery when applying the *Blockburger* test.

■ The murder indictment required proof of death, whereas the aggravated robbery indictment does not. The aggravated robbery indictment requires proof of intent to commit theft, whereas the murder indictment did not. Under the *Blockburger* test, murder and aggravated robbery are different offenses; therefore, a prosecution for aggravated robbery would not violate double jeopardy's protection against multiple punishments for the same offense.

### Successive Prosecutions for the Same Offense
#### *Grady Test*

■ To determine whether the State is attempting to prosecute a defendant twice for the same offense, courts must look beyond the *Blockburger* test. *Grady,* 495 U.S. at 521, 110 S.Ct. at 2093; *Marshall,* 814 S.W.2d at 792–93; *see Ex parte Kopecky,* 821 S.W.2d at 958 & 961; *Ex parte Ramos,* 806 S.W.2d at 847. The United States Supreme Court has written:

> [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential ele-

ment of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State [of New York] will prove, not the evidence the State [of New York] will use to prove that conduct.

*Grady,* 495 U.S. at 521, 110 S.Ct. at 2093 (footnotes omitted). Similarly, if the State, in the course of prosecuting a defendant, necessarily sought to prove conduct comprising all of the elements of a component offense, double jeopardy bars any subsequent prosecution of the component offense. *See Grady,* 495 U.S. at 521 n. 11, 110 S.Ct. at 2093 n. 11. The Texas Court of Criminal Appeals has adopted this standard. *Ex parte Ramos,* 806 S.W.2d at 847.

The Supreme Court's "conduct that constitutes an offense" correlates to the Texas Penal Code's definition of "conduct." The Texas Penal Code defines "conduct" as "an act or omission and its accompanying mental state." TEX.PENAL CODE ANN. § 1.07(a)(8) (Vernon 1974); *see also Victory v. State,* 547 S.W.2d 1, 5 (Tex.Crim.App. 1976).

In *Grady,* the defendant pleaded guilty to driving while intoxicated and failing to keep to the right of the median. *Grady,* 495 U.S. at 511–12, 110 S.Ct. at 2087–88. Subsequently, based upon the same factual incident, the State of New York indicted the defendant for, among other offenses, homicide and assault. *Grady,* 495 U.S. at 513, 110 S.Ct. at 2088. On the homicide and assault charges, the State of New York alleged that the defendant drove while intoxicated, failed to keep right of the median, and drove too fast. *Grady,* 495 U.S. at 514, 110 S.Ct. at 2089. The Supreme Court held that double jeopardy barred the homicide and assault charges to the extent that the State of New York sought to reprove that the defendant drove while intoxicated and drove to the right of the median; however, to the extent the State of New York relied upon the dangerous speed at which the defendant drove, double jeopardy did not bar the prosecu-

tion. *Grady,* 495 U.S. at 523, 110 S.Ct. at 2094.

Whereas in *Grady* the prosecutor went from the lesser to the greater offense, in *Harris v. Oklahoma* the prosecutor went from the greater to the lesser offense. *Harris v. Oklahoma,* 433 U.S. 682, 682, 97 S.Ct. 2912, 2913, 53 L.Ed.2d 1054 (1977) (per curiam). In *Harris,* the State of Oklahoma prosecuted the defendant for murder for shooting and killing a grocery clerk; thereafter, the State of Oklahoma sought to prosecute the defendant for the component offense of robbery with a firearm. The Supreme Court held that double jeopardy barred the second prosecution. *Harris,* 433 U.S. at 682–83, 97 S.Ct. at 2912–13.

In *Ex parte Ramos* and *Marshall,* the first and second prosecutions shared common elements; however, the common elements did not constitute an offense. Therefore, double jeopardy did not bar the second prosecution. *Ex parte Ramos,* 806 S.W.2d at 848; *Marshall,* 814 S.W.2d at 796–97.

The murder indictment in this case alleged that appellant, by striking Heiny in the head with a bat, a deadly weapon, did unlawfully intend to cause serious bodily injury and, in fact, caused Heiny's death. The aggravated robbery indictment alleges that appellant, by striking Heiny with a bat, a deadly weapon, did knowingly and intentionally cause bodily injury to Heiny.

 A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. TEX.PENAL CODE ANN. § 22.-01(a)(1) (Vernon 1989). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." TEX.PENAL CODE ANN. § 1.07(a)(7) (Vernon 1974). Although death is not included in the definition of "bodily injury," *see Henderson v. State,* 617 S.W.2d 697, 698 (Tex.Crim.App. [Panel Op.] 1981), we hold that causing someone's death constitutes bodily injury. *See Honea v. State,* 585 S.W.2d 681, 684 (Tex.Crim.App. [Panel Op.] 1979); *Rowden v. State,* 696 S.W.2d 490, 491 (Tex.App.—El Paso 1985, no pet.) ("[D]eath ... is as serious a bodily injury as one can sus-

tain...."). Therefore, both the murder and aggravated robbery indictments alleged that appellant committed the component offense of assault.

A person commits aggravated assault if the person commits an assault and uses a deadly weapon. TEX.PENAL CODE ANN. § 22.02(a)(4) (Vernon Supp.1992). Both indictments alleged that appellant used a deadly weapon. Aggravated assault is also a component offense of the murder indictment and the pending aggravated robbery indictment. *See Ex parte Drewery*, 710 S.W.2d 148, 152 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

The State argues that appellant's physical acts in the two indictments differ. At the murder trial, appellant admitted striking Heiny twice in the head from behind with a bat. The pathologist at the murder trial testified that Heiny had two lacerations on his head from a blunt instrument and an abrasion on his face. The pathologist said that Heiny had bone fractures at the base of his skull. There were also bruises on Heiny's knees. The pathologist summarized the injuries as two strong blows to the top of the head and a possible third blow to the face. He said that all of the other injuries were products of these two, possibly three, blows. On cross-examination, the pathologist said that it was possible, though not probable, that Heiny incurred the injury to his face when he fell. Heiny fell face down. Appellant denied hitting Heiny in the face. The pathologist said that the cause of death was "multiple blunt trauma injuries of the head." The pathologist defined "multiple" as "ordinarily ... greater than two, say three or greater." The pathologist testified that Heiny suffered "a minimum of three separate injuries."[3] The State argues that in the pending aggravated robbery case, it will rely upon only one blow, not multiple blows; therefore, the State asserts that the acts in the two indictments are different. We disagree. Because the cause of death was "three or greater" injuries of the head, the two, possibly three, blows to the head were all acts tried in the murder trial. Regardless of which blow the State selects in the pending aggravated robbery case, it will rely upon an act tried already in the murder trial.

Because the State necessarily had to prove conduct that constituted the component offenses of assault and aggravated assault to prove murder and will necessarily have to prove the same component offenses to prove the pending aggravated robbery, we hold that double jeopardy bars the State from prosecuting appellant for aggravated robbery. *See Grady*, 495 U.S. at 521 n. 11, 110 S.Ct. at 2093 n. 11; *Harris*, 433 U.S. at 682–83, 97 S.Ct. at 2912–13. We sustain appellant's point of error and reverse the trial court's order denying appellant's pretrial application for habeas corpus. We remand this cause to the trial court with instructions to that court to dismiss the aggravated robbery indictment.

Before LAGARDE, MALONEY and CHAPMAN[1], JJ.

## SUPPLEMENTAL OPINION ON PETITION FOR DISCRETIONARY REVIEW

LAGARDE, Justice.

Appellant Douglas Allen Lowery filed a pretrial application for writ of habeas corpus based upon double jeopardy. After the trial court denied appellant's application, he appealed, and on July 31, 1992, this Court reversed the trial court's order and remanded this case with instructions to dismiss the second indictment. On August 20,

---

**3.** We note that on cross-examination, the pathologist agreed when defense counsel suggested that the two lacerations were the cause of death. However, the line of questioning fails to show whether the pathologist was vacillating on the issue of the cause of death or agreeing with defense counsel that the two lacerations were the primary cause of death. The point of the questioning was whether the facial abrasion resulted from appellant striking Heiny or from Heiny's fall after appellant struck Heiny twice on the head. The pathologist stated that the facial abrasion was not as severe as the two lacerations, but he nevertheless thought that the facial abrasion resulted from a blow, not from the fall.

**1.** Judge Chapman did not participate in this supplemental opinion.

1992, and August 31, 1992, the Dallas County District Attorney and the State Prosecuting Attorney, respectively, filed petitions for discretionary review. This opinion addresses some of the issues raised in those petitions.

### Incomplete Record

■ The Dallas County District Attorney, in its petition for discretionary review, asserts that the record is incomplete. Specifically, it notes that the transcript from the murder trial is not part of this Court's appellate record, and it maintains that, absent the transcript, this Court cannot tell on which precise offenses the trial court charged the jury. Therefore, it contends that appellant cannot prove double jeopardy. We disagree. For purposes of determining double jeopardy, the indictment is material, the jury charge immaterial. *Ladner v. Smith,* 941 F.2d 356, 361 n. 12 (5th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1665, 118 L.Ed.2d 387 (1992). Our record contains both indictments.

### Entirety of Murder Indictment is not being Retried

■ The State Prosecuting Attorney's petition for discretionary review asserts that because the State will not prove the entirety of the conduct that constitutes the first offense (murder) in the pending indictment for aggravated robbery, double jeopardy does not bar the second indictment. It asserts that this Court, therefore, erred. We disagree. If the State Prosecuting Attorney's assertion is correct, then the State would be free to try an accused for the greater offense and, if unsuccessful, then try the accused for a lesser-included offense, because, in order to prove the lesser-included offense, the State would not have to prove the entirety of the greater offense. The United States Supreme Court has held that once the State has prosecuted an accused for the greater offense, the State cannot thereafter prosecute the accused for a lesser-included offense. *Har-*

*ris v. Oklahoma,* 433 U.S. 682, 682–83, 97 S.Ct. 2912, 2912–13, 53 L.Ed.2d 1054 (1977) (per curiam).[2] Accordingly, we find unpersuasive the State Prosecuting Attorney's argument that because the State will not have to prove all the elements of murder in the pending aggravated robbery action, double jeopardy does not apply.

### Appellant was never Prosecuted for Assault or Aggravated Assault

In this Court's July 31, 1992 opinion, it held that assault and aggravated assault were component offenses present in both the murder indictment and the aggravated robbery indictment; therefore, double jeopardy applied. The State Prosecuting Attorney maintains that because the State has never prosecuted appellant for assault or aggravated assault, this Court erred. We disagree. *Harris* shows that when the State prosecutes an accused for the greater offense, it also prosecutes the accused on all the lesser-included offenses. *Harris,* 433 U.S. at 682–83, 97 S.Ct. at 2912–13. A conviction of the greater offense cannot be had without the conviction of the lesser-included offenses. *Harris,* 433 U.S. at 682, 97 S.Ct. at 2912. Conversely, when a jury convicts an accused of a lesser-included offense, it effectively acquits the accused of the greater offenses. *Kennedy v. State,* 732 S.W.2d 708, 709 (Tex.App.—Corpus Christi 1987, no pet.); *Rivera v. State,* 716 S.W.2d 68, 69 (Tex.App.—Dallas 1986, pet. ref'd). The murder indictment, as written, contains the lesser-included or component offenses of assault and aggravated assault. Therefore, the State prosecuted appellant for both assault and aggravated assault. To the extent that the State failed to procure a conviction for assault or aggravated assault, appellant was effectively acquitted. *Kennedy,* 732 S.W.2d at 709; *Rivera,* 716 S.W.2d at 69.

### Aggravated Robbery is not a Lesser-Included Offense of Murder

■ The State Prosecuting Attorney argues that aggravated robbery is not a less-

---

**2.** *Cf. Grady v. Corbin,* 495 U.S. 508, 520, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990); *Illinois v. Vitale,* 447 U.S. 410, 420, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980); *Ladner v. Smith,* 941

F.2d 356, 360 (5th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1665, 118 L.Ed.2d 387 (1992) (species of lesser-included offenses).

er-included or component offense of murder; therefore, it concludes that double jeopardy does not bar the State from prosecuting appellant for aggravated robbery. This is the *Blockburger* analysis. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). We agree that, under the *Blockburger* test, double jeopardy is not a bar. However, the *Blockburger* test applies for purposes of determining multiple punishments, not successive prosecutions. *Grady v. Corbin*, 495 U.S. 508, 517 & 521, 110 S.Ct. 2084, 2090–91 & 2093, 109 L.Ed.2d 548 (1990). We are not persuaded that simply because aggravated robbery is not a lesser-included or component offense of murder that double jeopardy does not apply.

As explained in this Court's July 31, 1992 opinion, the State's aggravated robbery indictment violates the double jeopardy bar against successive prosecutions, not multiple punishments. When determining whether an indictment violates the double jeopardy bar against successive prosecutions, the United States Supreme Court has promulgated the following test:

> [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. ... The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.

*Grady*, 495 U.S. at 521, 110 S.Ct. at 2093 (footnotes omitted).

The elements of assault and aggravated assault are essential elements of the aggravated robbery indictment, as demonstrated by their presence therein. In order to convict appellant of aggravated robbery, the State must prove conduct that constitutes assault and aggravated assault as the building blocks leading to aggravated robbery.

The State Prosecuting Attorney argues that assault and aggravated assault are not *the* offenses for which appellant has been prosecuted. It maintains that the State prosecuted appellant for murder, not assault or aggravated assault. It concludes, therefore, that this Court erred. We again disagree. *Grady* does not require that the conduct that constitutes an offense be *the* offense for which the accused had been previously *indicted*. *Grady* merely requires that the conduct constitute *an* offense for which the accused has been *prosecuted*. *Grady*, 495 U.S. at 521, 110 S.Ct. at 2093; *see United States v. Calderone*, 917 F.2d 717, 722 (2d Cir.1990), *vacated on other grounds*, —— U.S. ——, 112 S.Ct. 1657, 118 L.Ed.2d 381 (1992).[3] Because assault and aggravated assault were component offenses of the murder indictment, as written, they are offenses for which appellant has been prosecuted, although they are not the specific offenses for which the State indicted appellant, but were lesser-included or component offenses of the murder indictment, as written. *Grady*, 495 U.S. at 521 n. 11, 110 S.Ct. at 2093 n. 11; *see Calderone*, 917 F.2d at 724–25 (Newman, J., concurring).

Based upon *Harris*, it is clear that the State could not prosecute appellant for assault and aggravated assault, because those offenses were lesser-included or component offenses of the murder indictment. *Harris*, 433 U.S. at 682–83, 97 S.Ct. at 2912–13. Because double jeopardy bars the State from prosecuting appellant for assault and aggravated assault, we conclude that the State cannot rely upon those identical assault and aggravated assault offenses as building blocks upon which to prosecute appellant for aggravated robbery. *See Grady*, 495 U.S. at 523, 110 S.Ct. at 2094.

### Inconsistent with Ladner

The State Prosecuting Attorney maintains that this Court's opinion is inconsistent with the United States Fifth Circuit

---

**3.** The United States Supreme Court granted writ of certiorari, vacated the judgment, and remanded the case for further consideration in light of *United States v. Felix*, 503 U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992).

Court of Appeals's *Ladner* opinion. *Ladner*, 941 F.2d at 356. We disagree. In *Ladner*, although the first and second indictments shared common elements, those common elements did not constitute conduct that constituted an offense. *Ladner*, 941 F.2d at 362–63; *see Ex parte Ramos*, 806 S.W.2d 845 (Tex.Crim.App.1991); *State v. Marshall*, 814 S.W.2d 789 (Tex.App.— Dallas 1991, pet. ref'd). In this case, the two indictments share common elements that compose criminal conduct that constitutes an offense (assault and aggravated assault). *Ladner* is distinguishable.

The State Prosecuting Attorney contends that because the two indictments in *Ladner* were based upon the same criminal episode, the two indictments necessarily included the same component offenses; therefore, it asserts that *Ladner* is indistinguishable. We disagree. Whether two indictments share common lesser-included component offenses does not depend on whether they are based upon a common criminal episode, but on the precise wording of the two indictments. Although the *Ladner* opinion does not quote the precise wording of the two indictments, it is clear from the opinion's discussion of the two indictments that they did not share conduct that coalesced to comprise a common lesser-included or component offense. As explained by the court in *Ladner*, the potential for shared lesser-included or component offenses was certainly there, but the two indictments effectively avoided that pitfall. *See Ladner*, 941 F.2d at 363.

In the present case, the two indictments are also based upon the same criminal episode. However, unlike the indictments in *Ladner*, not only did the indictments carry the potential to allege common lesser-included or component *offenses*, they in fact alleged common lesser-included or component *offenses*, not just an identity of conduct.

Although the Dallas County District Attorney's and the State Prosecuting Attorney's petitions for discretionary review are cogently written, we are nevertheless unpersuaded that we have erred. We stand by our decision to reverse the trial court's order and to remand this case to the trial court with instructions to dismiss the aggravated robbery indictment.