**Ex Parte Douglas Allen LOWERY.**

**No. 1251–92.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 8, 1993.

Allan Fishburn, Dallas, for appellant.

John Vance, Dist. Atty., and Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., and Matthew W. Paul, Asst. State's Atty., Austin, for State.

*OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

Appellant was indicted for murder and convicted by a jury of the lesser included offense of criminally negligent homicide. The jury assessed punishment at confinement for one year. Thereafter the State indicted Appellant for aggravated robbery. Appellant filed a pre-trial application for writ of habeas corpus, contending that a prosecution for aggravated robbery was barred by the double jeopardy clause due to his prior murder prosecution. The trial court denied relief and the Court of Appeals reversed in its opinion on rehearing, holding that the second prosecution was barred under *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *Ex parte Lowery,* 840 S.W.2d 550 (Tex.App.—Dallas 1992).[1]

We granted both the Dallas County District Attorney's and the State Prosecuting Attorney's petitions to determine whether the Court of Appeals erred in its interpretation of *Grady v. Corbin.*[2] However, the United States Supreme Court has since overruled *Grady* in *United States v. Dixon,* —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

Since the Court of Appeals did not have the benefit of that decision when it handed down its opinion in the instant case, its judgment is reversed and the cause remanded to that court for reconsideration in light of *Dixon.*

1. The Court of Appeals originally affirmed because Appellant failed to bring forth a complete record on appeal.

2. Pursuant to Tex.R.App.P. 101, the Court of Appeals issued a supplemental opinion, addressing some of the specific contentions raised in the petitions. However, it did not withdraw its previous opinion and reached the same conclusion applying the same rationale.