6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00001-CR
______________________________



EX PARTE:
DOUGLAS WOOD





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Original Habeas Corpus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross



O P I N I O N

Â Â Â Â Â Â Â Â Â Â Douglas Wood has filed an original habeas proceeding in which he seeks post-conviction relief pursuant to chapter eleven of the Texas Code of Criminal Procedure. In
his application, Wood contends his Texas parole officer has improperly added special sex
offender requirements to the conditions of his parole, even though a court of competent
jurisdiction has already determined Wood did not commit an offense for which such
restrictions and requirements were appropriate.


 Wood asks this Court to enjoin the Texas
Board of Pardons and Paroles from imposing on him the special conditions of parole
applicable only to convicted sex offenders. 
Â Â Â Â Â Â Â Â Â Â This Court's original and appellate jurisdiction is limited by the Texas Constitution
and by statutes promulgated by the Texas Legislature. The Texas Constitution grants this
Court with original jurisdiction only in cases where specifically prescribed by law. Tex.
Const. art. V, Â§ 6. As it relates to the case now before us, we are not among the list of
courts authorized by the Texas Legislature to issue post-conviction writs of habeas corpus;
only the Texas Court of Criminal Appeals, the district courts, the county courts, and any
judge of those courts, have the power to issue writs of habeas corpus. Tex. Code Crim.
Proc. Ann. art. 11.05 (Vernon 1977). We also are not authorized under Tex. Gov't Code
Ann. Â§ 22.221 (Vernon Supp. 2004) to consider an original habeas corpus application. Our
law requires that post-conviction applications for writs of habeas corpus, for felony cases
in which the death penalty was not assessed, be filed in the court of original conviction,
made returnable to the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art.
11.07, Â§Â 3(a), (b) (Vernon Supp. 2004). We are, therefore, without jurisdiction to consider
Wood's post-conviction application for writ of habeas corpus. See Watson v. State, 96
S.W.3d 497, 500 (Tex. App.âAmarillo 2002, pet. ref'd) (dismissing two points of error
within appeal of denial of motion for post-conviction DNA testing because those points of
appeal amounted to request for original habeas relief, which court was without jurisdiction
to grant).
Â Â Â Â Â Â Â Â Â Â We dismiss this proceeding for want of jurisdiction.

Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice


Date Submitted:Â Â Â Â Â Â January 7, 2004
Date Decided:Â Â Â Â Â Â Â Â Â January 8, 2004


Publish



alse"
 UnhideWhenUsed="false" Name="Medium Grid 3 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00109-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DAVID HEATH FOUSE,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 8th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hopkins County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 0820357

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  David
Heath Fouse has filed an appeal from six convictions.Â  Three are for the first-degree felony of
aggravated sexual assault on a child (under fourteenÂB.P.), and three are for
the second-degree felony of sexual assault of a child (under seventeenÂR.R. and
C.J.).Â  A single brief has been filed to
address all six appeals.Â  Fouse testified
at trial.Â  He admitted that he was
convicted in 1999 of the felony offense of assault on a peace officer and the
state-jail felony offense of burglary of a building, and admitted having sexual
intercourse with B.P. and C.J.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  This
appeal is from his conviction for aggravated sexual assault on a child under fourteen,
on B.P.Â  There are no issues raised or
argument made concerning this conviction.Â 
When a point of error is inadequately briefed, we will not address it.Â  Vuong v. State, 830 S.W.2d 929 (Tex. Crim. App. 1992).Â  This situation goes one step beyond simple
inadequate briefing.Â  Points are not
merely inadequately briefed, they are not raised at all.Â  This Court is not the appellantÂs
advocate.Â  Although we have an interest
in a just adjudication, we also have an interest in remaining impartial.Â  Ex parte Lowery, 840 S.W.2d 550, 552 n.1 (Tex. App.ÂDallas 1992), revÂd on other grounds, 867 S.W.2d 41 (Tex. 1993).Â  Thus, we will not brief a defendantÂs case
for him.Â  Heiselbetz v. State, 906
S.W.2d 500, 512 (Tex. Crim. App. 1995); see Busby v. State, 253 S.W.3d 661, 673 (Tex.
Crim. App. 2008); see Lawton v.
State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), overruled on
other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998).


Â Â Â Â Â Â Â Â Â Â Â  Further,
the Texas Court of Criminal Appeals has explicitly held that an appellate court
cannot reverse a case on a theory not presented to the trial court or raised on
appeal.Â  Gerron v. State, 97 S.W.3d 597 (Tex. Crim. App.
2003); Hailey v. State, 87 S.W.3d 118 (Tex. Crim. App. 2002).Â  With no arguments or theories to support a
request for reversal being made in connection with this conviction on appeal,
there is nothing before this Court which we may review. 

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  April
28, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  April
29, 2010

Â 

Do Not Publish

Â