IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00153-CR

 

Julius Archie,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-1082-C

 



CONCURRING AND DISSENTING Opinion










 

          Julius Archie was convicted of assault
and assault—family violence, enhanced.  He was sentenced to one year in jail
for the assault and to ten years in prison for the enhanced family violence
assault.  Because the Double Jeopardy Clause is not implicated in this case and
because the trial court did not err in overruling Archie’s motion for mistrial,
I would affirm the trial court’s judgment in its entirety.

Double Jeopardy

          In stating his first issue, Archie
contends the trial court abused its discretion in failing to require the State
to elect whether to proceed on count 1 or count 2 once it became clear that the
State had presented the same evidence to support both counts, which resulted
in, as Archie claims, Archie being punished twice for the same conduct. 
However, Archie’s entire argument is devoted only to the notion that he was
punished twice for the same conduct in violation of the Double Jeopardy
Clause.  This is the argument to be addressed.

          Archie argues that because the court
and the State agreed that his conduct was the same for both charged offenses,
he was punished twice for the same offense.  Archie mischaracterizes the
conversation between the trial court and the State.  And, although Archie cites
Hawkins for the proposition that the allowable unit of prosecution is
the victim, he fails to make any connection between Hawkins and his
convictions.  See Ex parte Hawkins, 6 S.W.3d 554 (Tex. Crim. App.
1999).  Nevertheless, Hawkins is distinguishable because it involved one
act of theft being charged as two robbery offenses when two victims were
involved.  That is not the case here.  

          Archie first assaulted the victim in
her car while she was driving.  Archie hit her on the right side of her head
which caused her to strike the left side of her head on the window of the car. 
The left side of her head was cut.  The next assault began after 1)
Archie took over driving, 2) they arrived at the victim’s house where both she
and Archie attempted to clean the cut, and 3) the victim sat on the end of the
bed while Archie argued with her.  Clearly, two distinct assaults occurred, and
the Double Jeopardy Clause is not implicated.  See Blockburger v. United States, 284 U.S. 299, 301-302, 52 S. Ct. 180, 76 L. Ed. 306 (1932); Hawkins, 6
S.W.3d at 557, fn 8.  Archie’s first issue is properly overruled, and I concur
in the affirmance of his conviction.

 

Motion for Mistrial

          In his second issue, Archie contends
the trial court erred in overruling his motion for mistrial after the State
improperly commented on Archie’s failure to testify at the punishment phase of
the trial.  During the punishment phase, the trial court sustained an objection
to a portion of the State’s argument which Archie characterized as a comment on
his failure to testify.  An instruction was given to the jury, and Archie’s
motion for mistrial was overruled.

          Although neither Archie nor the State
cite this case, last year, the Court of Criminal Appeals set the standard for
reviewing the denial of a motion for mistrial following a sustained objection
to improper argument at the punishment phase of a trial.  Hawkins v. State,
135 S.W.3d 72 (Tex. Crim. App. 2004).  When the trial court sustains an
objection and grants a request for an instruction for the jury to disregard but
denies the motion for mistrial, the proper issue is whether the refusal to
grant the mistrial was an abuse of discretion.  Id. at 76-77.  To
determine whether the trial court abused its discretion in denying the
mistrial, we balance three factors: 1) the severity of the misconduct, 2)
curative measures, and 3) the certainty of the punishment assessed absent the
misconduct.  Id. at 77.

          During the punishment phase, the
prosecutor argued,

That’s what he does.  You’ve heard that now from
two people.  You heard no evidence to the contrary as to Bria Alexander, the
second victim.  You heard no denial.  That was just accepted.

 

The argument could be interpreted as a comment
on Archie’s failure to testify.  However, it could also be interpreted as a
statement that there was no denial of abuse from the witness, a former
girlfriend of Archie’s, unlike Archie’s current girlfriend who denied abuse
even though Archie would pull her back if she walked away during an argument
and had pinned her up against the wall on previous occasions during arguments. 
The prosecutor did not make any more comments of this nature.  In sustaining
Archie’s objection, the trial court gave an instruction that the jury would
follow the court’s instructions.  In the charge to the jury, the jury was
instructed not to refer to or allude to Archie’s decision not to testify and
not to take his decision into consideration for any purpose as a circumstance
against him.  Although Archie was sentenced to the maximum punishment for each
offense, the jury heard about Archie’s seven prior misdemeanor convictions,
which included a violation of a protective order conviction and an assault
conviction, and one prior felony conviction.  Archie’s past history is a more
likely reason for the length of the sentences than the statement by the
prosecutor.

          Thus, the trial court did not abuse
its discretion in overruling Archie’s motion for mistrial, and his second issue
should be overruled.

Responding to the
Dissent of Justice Vance

          In his dissenting opinion, Justice
Vance has opined that he would reverse the conviction for assault-family
violence.  As he notes in his opinion, the issue on which he would reverse the
conviction was not identified by the parties, much less presented or briefed by
the parties.  We have been told repeatedly that it is improper for us to
identify, brief, and decide an issue not raised.  Neal v. State, 150
S.W.3d 169, 180 (Tex. Crim. App. 2004); Gerron v. State, 97 S.W.3d 597 (Tex. Crim. App. 2003); Hailey v. State, 87 S.W.3d 118, 121-122 (Tex. Crim. App.
2002).  There may be a time, place, and manner in which this issue can be
properly raised and addressed, but the method used by Justice Vance is not it. 
The parties have not had the opportunity to frame and brief the issue.  This
violates one of the fundamental tenants of the adversarial form of our judicial
system because Justice Vance has shed his judicial robe and has become the
advocate for the defendant.  Until the issue is properly presented, and to
maintain my proper role as a judge, it is necessary that I refrain from
deciding the issue raised by Justice Vance.

Conclusion

          Having overruled each issue on appeal,
I would affirm the trial court’s judgment in all respects.  

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Opinion
concurring in part and dissenting in part delivered and filed November 2, 2005

Publish