In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00111-CV


______________________________





IN RE:


BILLY JOE PATTON







 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Billy Joe Patton, acting pro se, seeks mandamus relief (1) from this Court to direct the trial
court, the Honorable Robert Newsom of the Eighth Judicial District Court, to do six different things:
(1) respond to Patton's discovery request, (2) hold an evidentiary hearing on Patton's previous claims
of ineffective assistance of counsel, (3) hold evidence suppression hearings, (4) withdraw Patton's
conviction, (5) appoint defense counsel for Patton's motion for new trial, (6) provide an evidentiary
hearing on Patton's trial counsel's allegedly substandard behavior at trial, and (7) comply with
"Texas' full faith and credit laws."

 In numerous ways, Patton's petition violates Rule 52.3 and Rule 52.7 of the Texas Rules of
Appellate Procedure. Among those violations, the petition is not supported by affidavit, as required
by Rule 52.3; contains no listing of parties or counsel, no table of contents, no index of authorities,
no comprehensible statement of the case, and no appendix containing any order complained of, all
as required by Rule 52.3; and is accompanied by no record, as required by Rule 52.7. See Tex. R.
App. P. 52.3, 52.7. As a result, none of Patton's requests are properly supported by essential
documentation. See In re Pappy's Sand & Gravel, Inc., No. 05-06-01427-CV, 2006 Tex. App.
LEXIS 9359 (Tex. App.--Dallas Oct. 30, 2006, orig. proceeding) (without record, mandamus
denied); In re Wickware, No. 12-06-00300-CV, 2006 Tex. App. LEXIS 7966 (Tex. App.--Tyler
Sept.6, 2006, orig. proceeding) (without record or appendix, mandamus denied). The relator must
provide, with his or her petition for writ of mandamus, a sufficient record to establish the right to
mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re
Risley, No. 14-06-01005-CV, 2006 WL 3486823 (Tex.App.--Houston [14th Dist.] Dec. 5, 2006,
orig. proceeding). Patton has failed to carry that burden, and that is fatal to his petition. (2)

 For the above reasons, we deny Patton's petition for writ of mandamus.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 7, 2006

Date Decided: December 8, 2006
1. On November 27, 2006, Patton filed with this Court a document styled "Notice for
Mandamus Petition." We treat that filing as a petition for writ of mandamus in this case number and
dispose of it herewith. Subsequently, Patton has filed another document seeking mandamus relief
on various alleged grounds, at least some of which are different than those set out herein. That
subsequent mandamus petition is filed, and will be disposed, under our cause number 06-06-00116-CV.
2. We note also that Patton's requests one and seven are fatally indefinite; his request four
appears to be an improper effort to appeal an underlying conviction under the guise of a mandamus
proceeding; and his requests two, three, five, and six appear to be untimely. To understand the lack
of timeliness, note that Patton's petition for writ of mandamus, filed November 27, 2006, refers to
his January 17, 2006, motion for new trial. Apparently, the judgment was signed on or before
January 17, 2006. Compare those dates with Tex. R. Civ. P. 329b(c), which provides that a motion
for new trial is overruled by operation of law if not determined within seventy-five days after the
judgment is signed.



 UnhideWhenUsed="false" Name="Light Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00111-CR

                                                ______________________________

 

 

                                    DAVID HEATH FOUSE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0820359

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            David
Heath Fouse has filed an appeal from six convictions.  Three are for the first- degree felony of
aggravated sexual assault on a child (under fourteenB.P.), and three are for
the second-degree felony of sexual assault on a child (under seventeenR.R. and
C.J.).  A single brief has been filed to
address all six appeals.  Fouse testified
at trial.  He admitted that he was
convicted in 1999 of the felony offense of assault on a peace officer and the
state-jail felony offense of burglary of a building, and admitted having sexual
intercourse with B.P. and C.J.

            This
appeal is from his conviction for sexual assault on a child, on C.J.  Fouses appellate brief raises no issue, and
makes no argument, concerning this conviction. 
When a point of error is inadequately briefed, we will not address
it.  Vuong v. State, 830 S.W.2d 929 (Tex. Crim. App.
1992).  This situation goes one step
beyond simple inadequate briefing. 
Points are not merely inadequately briefed, they are not raised at all.  This Court is not the appellants
advocate.  Although we have an interest
in a just adjudication, we also have an interest in remaining impartial.  Ex parte Lowery, 840 S.W.2d 550, 552 n.1 (Tex. App.Dallas 1992), revd on other grounds, 867 S.W.2d 41 (Tex. 1993).  Thus, we will not brief a defendants case
for him or her.  Heiselbetz v. State,
906 S.W.2d 500, 512 (Tex. Crim. App. 1995); see Busby v. State, 253 S.W.3d 661, 673 (Tex.
Crim. App. 2008); Lawton v. State,
913 S.W.2d 542, 554 (Tex. Crim. App. 1995), overruled on other grounds by
Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998). 

            Further,
the Texas Court of Criminal Appeals has explicitly held that an appellate court
cannot reverse a case on a theory not presented to the trial court or raised on
appeal.  Gerron v. State, 97 S.W.3d 597 (Tex. Crim. App.
2003); Hailey v. State, 87 S.W.3d 118 (Tex. Crim. App. 2002).  With no arguments or theories to support a
request for reversal being made in connection with this conviction on appeal,
there is nothing before this Court that we may review. 

            We
affirm the judgment.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          April
28, 2010

Date Decided:             April
29, 2010

 

Do Not Publish