

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00108-CR

_____

DAVID HEATH FOUSE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0820356

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

David Heath Fouse has filed an appeal from six convictions. Three are for the first-degree felony of aggravated sexual assault on a child (under fourteen—B.P.), and three are for the second-degree felony of sexual assault on a child (under seventeen—R.R. and C.J.). A single brief has been filed to address all six appeals. Fouse testified at trial. He admitted that he was convicted in 1999 of the felony offense of assault on a peace officer and the state-jail felony offense of burglary of a building, and admitted having sexual intercourse with B.P. and C.J.

This appeal is from his conviction for aggravated sexual assault on a child under fourteen, on B.P. Fouse's appellate brief raises no issue, and makes no argument, concerning this conviction. When a point of error is inadequately briefed, we will not address it. *Vuong v. State*, 830 S.W.2d 929 (Tex. Crim. App. 1992). This situation goes one step beyond simple inadequate briefing. Points are not merely inadequately briefed, they are not raised at all. This Court is not the appellant's advocate. Although we have an interest in a just adjudication, we also have an interest in remaining impartial. *Ex parte Lowery*, 840 S.W.2d 550, 552 n.1 (Tex. App.—Dallas 1992), *rev'd on other grounds*, 867 S.W.2d 41 (Tex. 1993). Thus, we will not brief a defendant's case for him or her. *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); *see Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *Lawton v. State*, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998).

Further, the Texas Court of Criminal Appeals has explicitly held that an appellate court cannot reverse a case on a theory not presented to the trial court or raised on appeal. *Gerron v. State*, 97 S.W.3d 597 (Tex. Crim. App. 2003); *Hailey v. State*, 87 S.W.3d 118 (Tex. Crim. App. 2002). With no arguments or theories to support a request for reversal being made in connection with this conviction on appeal, there is nothing before this Court that we may review.

We affirm the judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     April 28, 2010
Date Decided:       April 29, 2010


Do Not Publish

3