In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00110-CR

                                                ______________________________

 

 

                                    DAVID HEATH FOUSE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0820358

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            David
Heath Fouse has filed an appeal from six convictions.  Three are for the first degree felony of
aggravated sexual assault on a child (under fourteen—B.P.), and three are for
the second degree felony of sexual assault on a child (under seventeen—R.R. and
C.J.).  A single brief has been filed to
address all six appeals.  Fouse testified
at trial.  He admitted that he was
convicted in 1999 of the felony offense of assault on a peace officer and the
state jail felony offense of burglary of a building, and admitted having sexual
intercourse with B.P. and C.J.   

            This
appeal is from his conviction for sexual assault on a child, on C.J.  There are no issues raised or argument made
concerning this conviction.  When a point
of error is inadequately briefed, we will not address it.  Vuong v. State, 830 S.W.2d 929 (Tex. Crim. App. 1992).  This situation goes one step beyond simple
inadequate briefing.  Points are not
merely inadequately briefed, they are not raised at all.  This Court is not the appellant’s
advocate.  Although we have an interest
in a just adjudication, we also have an interest in remaining impartial.  Ex parte Lowery, 840 S.W.2d 550, 552 n.1 (Tex. App.—Dallas 1992), rev’d on other grounds, 867 S.W.2d 41 (Tex.
1993).  Thus, we will not brief a
defendant’s case for him or her. 
Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); see
Busby v. State, 253
S.W.3d 661, 673 (Tex. Crim. App. 2008);
see Lawton v. State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), overruled
on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998).


            Further,
the Texas Court of Criminal Appeals has explicitly held that an appellate court
cannot reverse a case on a theory not presented to the trial court or raised on
appeal.  Gerron v. State, 97 S.W.3d 597 (Tex. Crim. App.
2003); Hailey v. State, 87 S.W.3d 118 (Tex. Crim. App. 2002).  With no arguments or theories to support a
request for reversal being made in connection with this conviction on appeal,
there is nothing before this Court which we may review. 

            We
affirm the judgment.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          April
28, 2010

Date Decided:             April
29, 2010

 

Do Not Publish