

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00109-CR

_____

DAVID HEATH FOUSE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0820357

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM  OPINION

David Heath Fouse has filed an appeal from six convictions.   Three are for the first-degree felony of aggravated sexual assault on a child (under fourteen—B.P.), and three are for the second-degree felony of sexual assault of a child (under seventeen—R.R. and C.J.).   A single brief has been filed to address all six appeals.   Fouse testified at trial.   He admitted that he was convicted in 1999 of the felony offense of assault on a peace officer and the state-jail felony offense of burglary of a building, and admitted having sexual intercourse with B.P. and C.J.

This appeal is from his conviction for aggravated sexual assault on a child under fourteen, on B.P.   There are no issues raised or argument made concerning this conviction.   When a point of error is inadequately briefed, we will not address it.   *Vuong v. State*, 830 S.W.2d 929 (Tex. Crim. App. 1992).   This situation goes one step beyond simple inadequate briefing.   Points are not merely inadequately briefed, they are not raised at all.   This Court is not the appellant's advocate.   Although we have an interest in a just adjudication, we also have an interest in remaining impartial.   *Ex parte Lowery*, 840 S.W.2d 550, 552 n.1 (Tex. App.—Dallas 1992), *rev'd on other grounds*, 867 S.W.2d 41 (Tex. 1993).   Thus, we will not brief a defendant's case for him. *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); *see Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *see Lawton v. State*, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998).

Further, the Texas Court of Criminal Appeals has explicitly held that an appellate court cannot reverse a case on a theory not presented to the trial court or raised on appeal. *Gerron v. State*, 97 S.W.3d 597 (Tex. Crim. App. 2003); *Hailey v. State*, 87 S.W.3d 118 (Tex. Crim. App. 2002). With no arguments or theories to support a request for reversal being made in connection with this conviction on appeal, there is nothing before this Court which we may review.

We affirm the judgment.


Bailey C. Moseley
Justice


Date Submitted:     April 28, 2010
Date Decided:      April 29, 2010

Do Not Publish

3