In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00087-CR


______________________________




DANIEL RODRIGUEZ GARZA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 08F0127-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 After having been found guilty by a jury for possession of more than 400 grams of a
controlled substance and sentenced to serve ninety-nine years' imprisonment and assessed a fine of
$100,000.00, Daniel Rodriguez Garza has prosecuted this appeal. 

 Garza complains that his motion to suppress the evidence obtained by a search of his vehicle
was erroneously overruled by the trial court, citing three alleged bases for exclusion of the evidence: 
(1) that the traffic stop which led to the discovery of the illicit substances was not justified because
the traffic stop was not based on reasonable suspicion, (2) that the consent by Garza to the search
was not freely given, and (3) that the scope of the search exceeded the permission for search which
was granted. 

Underlying Facts

 Texarkana Police Officers Jason Green and James Dean were monitoring traffic on
September 28, 2007, while parked along Interstate Highway 30 (I-30) in Texarkana. Green,
monitoring the speed of vehicles by radar, clocked the automobile driven by Garza as driving sixty-four miles per hour on I-30 in a sixty-mile-per-hour zone. In addition to the speeding violation,
Green reported that Garza was also traveling in the left lane while in a zone marked "left lane for
passing only." Dean then pursued and stopped Garza's vehicle. 

 Green testified that while Dean was writing a traffic citation to be given to Garza, he
questioned Garza's passenger, Ruben Maldonado, and then Garza himself, asking questions
regarding the knowledge which each had about the other, the location from which they had driven,
their intended destination, and their purpose for travel. The responses received and the manner of
their delivery aroused Green's suspicions. When Green asked Maldonado who the driver was,
Maldonado said it was "Garza," but responded "real slow" as though he was unsure. Maldonado
told Green that he had only known Garza for about one week and that "all he knew was he was going
with Mr. Garza to Little Rock to visit Mr. Garza's uncle." When Green asked Garza who his
passenger was, Garza responded with three different names and was "unsure of who was riding with
him." Testifying from his drug interdiction training and experience, Green stated that paid drug
transporters often travel in pairs and that it raises suspicions of drug activity when one individual
travels great distances with someone he is unable to easily identify.

 Before Dean finished writing the traffic citation, Green asked Garza for permission to "[take]
a quick look in his vehicle." Both Green and Dean testified that Garza consented to the search, and
noted that Garza limited neither the scope nor the extent of his consent. (1) Dean acknowledged that
he had not yet presented the citation to Garza for Garza to sign and that at the time he asked for
Garza's permission to search the vehicle, Garza was not then free to leave (Garza not yet having
signed the traffic citation). The officers searched the car, discovered over 400 grams of a controlled
substance, and arrested Garza.

Standard of Review--Motion to Suppress

 We review the trial court's decision on a motion to suppress evidence by applying a
bifurcated standard of review; that is, we defer to the trial court's determination of historical facts
that depend on credibility, but we conduct a de novo review of the trial court's application of the law. 
Wiede v. State, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); see Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). Generally, we review de novo determinations of probable cause after
granting deference to the trial court's determination of historical facts. Guzman, 955 S.W.2d at 87.

 The ruling of a trial court on a motion to suppress will not be set aside absent a showing of
abuse of discretion. Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985); Jackson v.
State, 968 S.W.2d 495, 498 (Tex. App.--Texarkana 1998, pet. ref'd). An appellate court "may
uphold a trial court's ruling [on a motion to suppress] on any legal theory or basis applicable to the
case, but usually may not reverse a trial court's ruling on any theory or basis that might have been
applicable to the case, but was not raised." Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim. App.
2002). 

 On a motion to suppress, the trial court is the sole and exclusive trier of fact and the judge
of the credibility of the witnesses, including the weight to be given their testimony. Allridge v. State,
850 S.W.2d 471, 492 (Tex. Crim. App. 1991). Thus, the trial court is free to believe or disbelieve
the testimony of any witness. This Court does not engage in its own factual review. Braggs v. State,
951 S.W.2d 877, 880 (Tex. App.--Texarkana 1997, pet. ref'd). Viewing the evidence in the light
most favorable to the trial court's ruling, we consider only whether the trial court improperly applied
the law to the facts. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). If the trial
court's findings are supported by the record, this Court is not at liberty to disturb them. Etheridge
v. State, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994).

Dean Had Reasonable Suspicion to Stop Garza's Vehicle

 In his first point of error, Garza contends the trial court erred by denying his motion to
suppress because the officers did not have reasonable suspicion to effect the traffic stop.

 Dean stopped Garza without a warrant and, therefore, the State bore the burden of
demonstrating the stop was reasonable within the totality of the circumstances. See Hulit v. State,
982 S.W.2d 431, 436 (Tex. Crim. App. 1998); Russell v. State, 717 S.W.2d 7, 10 (Tex. Crim. App.
1986). To justify a traffic stop, the officer must articulate specific objective, articulable facts which,
in light of the officer's experience and personal knowledge, together with inferences which could
be reasonably drawn from those facts, would warrant a reasonable person to believe a traffic
violation had occurred. See Davis v. State, 947 S.W.2d 240, 242-43 (Tex. Crim. App. 1997);
Valencia v. State, 820 S.W.2d 397, 399 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). The
State is not required to prove that the individual actually committed a traffic violation, but only that
the officer reasonably believed a violation was in progress. Green v. State, 93 S.W.3d 541, 544
(Tex. App.--Texarkana 2002, pet. ref'd); Tex. Dep't of Pub. Safety v. Fisher, 56 S.W.3d 159, 163
(Tex. App.--Dallas 2001, no pet.). A traffic stop will be valid as long as a reasonable officer in the
same circumstances would have stopped the vehicle. See Whren v. United States, 517 U.S. 806, 809
(1996). This standard is an objective one: there need only be an objective basis for the stop; the
subjective intent of the officer conducting the stop is irrelevant. Garcia v. State, 43 S.W.3d 527, 530
(Tex. Crim. App. 2001).

 The applicable traffic statutes in this case, Sections 544.011 and 544.004 of the Texas
Transportation Code state:

 (a) The operator of a vehicle or streetcar shall comply with an applicable
official traffic-control device placed as provided by this subtitle unless the person is: 

 (1) otherwise directed by a traffic or police officer; or 

 (2) operating an authorized emergency vehicle and is subject to
exceptions under this subtitle. 


Tex. Transp. Code Ann. § 544.004 (Vernon 1999).


 If, on a highway having more than one lane with vehicles traveling in the same
direction, the Texas Department of Transportation or a local authority places a sign
that directs slower traffic to travel in a lane other than the farthest left lane, the sign
must read "left lane for passing only."


Tex. Transp. Code Ann. § 544.011 (Vernon Supp. 2009).

A lawfully placed sign is a "traffic-control device." Tex. Transp. Code Ann. § 541.304(1) (Vernon
1999). A violation of Article 544.011 of the Texas Transportation Code provides objectively
reasonable grounds for a traffic stop. Mouton v. State, 101 S.W.3d 686 (Tex. App.--Texarkana
2003, no pet.); see also Green, 93 S.W.3d at 544-45 (violation of Article 544.011 provides probable
cause for traffic stop). 

 In this first point of error, Garza fails to cite any caselaw that supports his position and
instead attacks the credibility of the officers regarding whether they had cause to pull over Garza's
vehicle. The trial court is the sole and exclusive judge of the credibility of the witnesses and is free
to believe or disbelieve all or part of a witness's testimony. Allridge, 850 S.W.2d at 492; Braggs,
951 S.W.2d at 880. Viewing the evidence in the light most favorable to the court's ruling, as we
must, the officers had a reasonable belief that Garza was committing a traffic violation. Therefore,
we hold Dean had sufficient reasonable suspicion to effect the traffic stop and detention, and we
overrule Garza's first point of error. 

Garza Freely Consented to the Search of the Vehicle

 In his second point of error, Garza contends that the trial court erred in denying his motion
to suppress because he did not freely consent to the search. Garza does not deny giving the officers
permission to search the vehicle, but rather argues that his consent was not voluntary because the
"purpose for the [traffic] stop had been completed" at the time he consented to the search. We
disagree. 

 When a search is conducted without a warrant based on probable cause, the burden shifts to
the State to prove its reasonableness. Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). 
An automobile may be searched without a warrant if there is probable cause to believe there is
contraband or evidence of a crime concealed within the vehicle. Chambers v. Maroney, 399 U.S.
42, 48 (1970); Neal v. State, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008); Hernandez v. State, 867
S.W.2d 900, 907 (Tex. App.--Texarkana 1993, no pet.). 

 An exception to the warrant and probable cause requirements is a search that is conducted
pursuant to consent. Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000); Washburn
v. State, 235 S.W.3d 346 (Tex. App.--Texarkana 2007, no pet.). The law does not require
reasonable suspicion for an officer to request consent to search an individual's automobile after the
conclusion of a traffic stop as long as the officer does not coerce consent. James v. State, 102
S.W.3d 162, 173 (Tex. App.--Fort Worth 2003, pet. ref'd); Leach v. State, 35 S.W.3d 232, 235
(Tex. App.--Austin 2000, no pet.). Whether consent was given freely and voluntarily is to be
answered by looking at the totality of the circumstances surrounding the consent. See Schneckloth
v. Bustamonte, 412 U.S. 218, 226 (1973); Fancher v. State, 659 S.W.2d 836, 839 (Tex. Crim. App.
1983).

 In Ohio v. Robinette, the United States Supreme Court held that a continued detention and
search of a vehicle were reasonable when consent was given, even though no circumstances were
noted that would have constituted reasonable suspicion of any further criminal activity. 519 U.S.
33, 39-40 (1996); see also Spight v. State, 76 S.W.3d 761, 767-68 (Tex. App.--Houston [1st Dist.]
2002, no pet.) (holding denial of motion to suppress based on "prolonged detention" not abuse of
discretion where appellant gave consent with no indication from patrolman that compliance was
required); Simpson v. State, 29 S.W.3d 324, 327 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). 
Reasonable suspicion is not required for a police officer to request consent to search an automobile
after the reason for an initial stop is concluded as long as a message is not conveyed that compliance
is required. Leach, 35 S.W.3d at 235; Simpson, 29 S.W.3d at 327; see also Spight, 76 S.W.3d at
767-68 (noting constitutional proscriptions against warrantless searches and seizures do not come
into play when person gives voluntary consent); State v. Daly, 35 S.W.3d 237, 241 (Tex.
App.--Austin 2000, no pet.) (holding continued questioning and search after reason for initial traffic
stop was concluded was invalid absent clear and convincing evidence that defendant voluntarily
remained at scene).

 Here, Garza consented to the search of the vehicle. There is no evidence in the record that
the consent was a product of undue influence or coercion. In support of his argument that Garza's
consent was involuntary, Garza cites Sieffert v. State, 290 S.W.3d 478 (Tex. App.--Amarillo 2009,
no pet.), and Segura v. United States, 468 U.S. 796, 804 (1984); however, both are distinguishable
from the present facts. Unlike Sieffert and Segura, here, Garza consented to the search and did not
withdraw or limit his consent at any time. For the foregoing reasons, we overrule Garza's second
point of error.

Garza's Third Point of Error Is Not Properly Briefed

 In Garza's third point of error, he argues that the scope of the search exceeded the consent
given. However, Garza fails to cite any authority in support of his argument. 

 We will not brief a defendant's case for him. Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex.
Crim. App. 1995); see Lawton v. State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), overruled on
other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998). This Court is not the
appellant's advocate. Although we have an interest in a just adjudication, we also have an interest
in remaining impartial. Ex parte Lowery, 840 S.W.2d 550, 552 n.1 (Tex. App.--Dallas 1992),
overruled on other grounds, 867 S.W.2d 41 (Tex. Crim. App. 1993).

 In support of his argument, it is incumbent upon counsel to cite specific legal authority and
to provide legal argument based on that authority. Tex. R. App. P. 38.1(h); Ex parte Granger, 850
S.W.2d 513, 515 n.6 (Tex. Crim. App. 1993). A point of error that is conclusory and cites no
authority presents nothing for appellate review. Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim.
App. 1996); Pierce v. State, 777 S.W.2d 399, 418 (Tex. Crim. App. 1989); Burns v. State, 923
S.W.2d 233, 237 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd). Therefore, we find Garza's
third point of error to be inadequately briefed and decline to address it. See Tex. R. App. P. 38.1(h);
Rhoades, 934 S.W.2d at 119; Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992).

 We affirm the trial court's judgment.




 Bailey C. Moseley

 Justice


Date Submitted: December 22, 2009

Date Decided: December 23, 2009


Do Not Publish
1. Green testified that Garza was not coerced or forced into giving consent and that he did not
appear to be under the influence of drugs or alcohol.